Kennebec and Portland Rail Road Co. *versus* Kendall.

A corporation cannot, in an action at law, recover for its shares or for their assessments upon them, unless the holder has made an *express agreement* to pay for them, or unless, by its charter or other statute provision, a *personal obligation* is imposed upon the holder, to make such payment.

An agreement in writing to subscribe a specified number of shares to the stock of a corporation, is not an express promise to *pay* for them.

Where a power has been given to corporations to collect their assessments on the shares, by a sale of the stock, an inference is not readily drawn, that the Legislature, without any express enactment to that effect, designed to create also a personal liability on the share-holder.

Where neither by contract, nor by statute enactment, is there any personal obligation upon a stockholder to pay for his shares, such obligation cannot be created by any by-law or vote of the corporation.

A statute authority "to make and collect such assessments on the shares," "as may be deemed expedient, in such manner as should be prescribed in their by-laws," does not confer, nor does any statute of the State confer, upon the corporation, the power to create a personal liability upon the stock-holder, to pay for his shares.

A by-law, made under such authority, and providing that "if the shares of any such delinquent stockholder shall not sell, for a sum sufficient to pay his assessments, with interest and charges of sale, he shall be held liable to the corporation for any deficiency," will not sustain an action at law for the deficiency.

Kennebec and Portland Rail Road Co. *v.* Kendall.

A by-law of a corporation, though made in pursuance of an express power to make such laws, must be lawful and reasonable, in order to be valid. If contrary to the common law, or to a legislative Act, it is void.

THIS case was submitted to the court upon a report of facts agreed. It was assumpsit upon the following paper, signed by the defendant and many others; viz :—

" We hereby agree to subscribe to the stock in the Kennebec and Portland Railroad Company, the number of shares, at $100 each, set against our names, including our former subscription."                      "Augusta, Oct. 28, 1846."

Against the defendant's name was written the number, " twelve."

The plaintiffs were incorporated by an Act, passed 1836, to which additional Acts were passed in 1841, 1845, and on July 16, 1846.

By the charter, the corporation had the power to ordain and establish such by-laws as shall from time to time be deemed necessary and proper for the management and regulation of their affairs, not repugnant to the laws of the State ; also to make and collect such assessments on the shares of the capital stock, as may be deemed expedient, in such manner as shall be prescribed in their by-laws.

Among the first by-laws of the corporation, (and they were adopted on the 28th of October, 1846, the day of the defendant's subscription,) there was one authorizing the directors to make assessments upon the shares, and the treasurer, in case of delinquency by any stockholder in the payment thereof, to sell and transfer his shares, &c.

Also a by-law, providing that, " if the shares of any such delinquent stockholder shall not sell for a sum sufficient to pay his assessments, with interest and charges of sale, he shall be held liable to the corporation for any deficiency.

At the date of the writ, a large amount of stock had been subscribed by a large number of share-holders, and the whole of that amount had been expended under the charter, and for the purposes contemplated therein, including the amount of the twelve shares, which had stood in the defendant's name.

Eight assessments of five dollars each had been made upon each of said twelve shares; the defendant had neglected to pay them; and the twelve shares had been sold at auction by the treasurer, for $480. This suit is brought to recover the remaining $720, due upon the shares, together with interest and charges of the sale.

Several exceptions were taken by the defendant, to the regularity of the proceedings as to said assessments and sale, but they need not here be further noticed.

*J. H. Williams,* for the plaintiffs.

A stockholder is bound by the charter to pay for his shares. To enforce such payment, there is a right not merely to assess and sell the shares, but the charter authorizes a collection of the assessment in such manner as the by-laws shall prescribe, and the by-laws prescribe the remedy we are now pursuing.

*B. A. G. Fuller* and *Morrill,* for the defendant.

1. The *paper* signed by the defendant contains no promise to pay. Without such promise no action can be maintained; the remedy is only by a sale of the shares.

2. The *charter* contains no provision, making stockholders personally liable. Its authorization of by-laws can give no validity to by-laws, which should attempt to impose a personal liability upon a stockholder. The charter contemplates an enforcement of the stock-payments by the sale of the shares, and it gives no double remedy. The corporation can exercise only such powers as are expressly given, or result by necessary implication. It cannot, by any vote or act, enlarge its charter powers, either as to the subject on which it operates, or the persons or property of its members. *A. & M. Turnpike Corporation* v. *Gould,* 6 Mass. 40; *Same* v. *Hay,* 7 Mass. 102; *N. B. & B. Turnpike Corporation* v. *Adams,* 8 Mass. 138; *Mid. Turnpike Corporation* v. *Swan,* 10 Mass. 384; *Glass Co.* v. *White,* 14 Mass. 286; *Same* v. *Dewey,* 16 Mass. 94; *Mill Dam Cor.* v. *Ropes,* 6 Pick. 23; *Cutler* v. *M. F. Co.* 14 Pick. 483; *Bridge Co.* v. *McMahon,* 1 Fairf. 478; *Small* v. *Herkimer Man. Co.,* 2 Comstock, 343.

Kennebec and Portland Rail Road Co. *v.* Kendall.

*Evans,* in reply.

It is now to be seen, whether persons, associating as partners, shall thus, by pledging themselves, induce others to expend their time, care and money, to promote public objects, and then violate their pledges, and taunt their associates with the folly of having trusted them. Shall new inducement be held out to such dishonesties ?

This suit is upon a contract, requiring no shrewd, microscopic, double lens view, but merely a common sense construction.

The defendant, by his subscription, though not expressly, yet virtually undertook to pay. *Bangor Bridge Co.* v. *McMahon,* 10 Maine, 478. It was, in legal intendment, a promise to pay for twelve shares, at one hundred dollars each, as the same should be called for, by instalments. There were, in fact, no assessments ; that expression is used simply in reference to a popular phraseology.

The by-laws were valid. They conflict with no law of the State, and are of vital importance to the success of this great enterprise. They operate only as internal regulations, and are to be presumed to have the assent of the defendant. The cases in 11 Metc. and in 6 Pick. were not like this. In 2 Comstock, there was a forfeiture of shares. Same case, in 2 Hill.

With great confidence, I maintain that the defendant is liable in law, as he certainly is, even by the lowest code of morals, which his own selfish soul could suggest.

SHEPLEY, C. J. — This action has been commenced to recover the amount remaining unpaid of assessments made upon twelve shares of the stock of the corporation after a sale of them at auction. The defendant denies, that he became the owner of those shares ; that the proceedings were legal, by which the assessments were made and the shares sold ; and if they were, that he is personally liable to pay any balance remaining unpaid. The last objection will be first considered.

VOL. XXXI. 60

Admitting, for this purpose, that he became an owner of the stock, and that all the proceedings respecting the assessment and sale were legal, the inquiry is presented, whether the defendant is personally liable to pay the amount assessed and remaining unpaid.

A corporation may, in an action at law, recover the amount due for its shares or for assessments legally made upon them, when by its charter or other statute provision, a personal obligation is imposed upon the holder to pay for them. And when the holder has made an express agreement to pay for them. Without proof of such an agreement, or personal obligation, the corporation cannot recover. These positions are established by many decided cases, a few of which will be referred to.

*Bangor Bridge Co.* v. *McMahon*, 1 Fairf. 478 ; *Bangor House Proprietary* v. *Hinckley*, 3 Fairf. 385 ; *South Bay Meadow Dam Company* v. *Gray*, 30 Maine, 574 ; *Franklin Glass Company* v. *Alexander*, 2 N. H. 380 ; *Worcester Turnpike* v. *Willard*, 5 Mass. 80 ; *Andover & Medford Turnpike Company* v. *Gould*, 6 Mass. 40 ; *Portland, Saco & Portsmouth Rail Road Company* v. *Graham*, 11 Metc. 1 ; *Essex Bridge Company* v. *Tuttle*, 2 Verm. 393 ; *Hartford & New Haven Rail Road Company* v. *Kennedy*, 12 Conn. 499 ; *Turnpike Company* v. *Thorp*, 13 Conn. 173 ; *Goshen Turnpike Company* v. *Hurtin*, 9 Johns. 217 ; *Herkimer Manufacturing & Hydraulic Company* v. *Small*, 21 Wend. 273 ; *same* v. *same*, 2 Hill, 127 ; *Small* v. *Herkimer Man. & Hydraulic Company*, 2 Comstock, 330 ; *Canal Company* v. *Sansom*, 1 Binn. 70 ; *West Philadelphia Canal* v. *Jones*, 3 Whart. 198 ; *Silk Company* v. *Anderson*, 1 McMullan, 300 ; *Selma & Tennessee Rail Road* v. *Tipton*, 5 Ala. 787.

There may be differences of opinion in the decided cases, whether a particular form of subscription to the stock would constitute an agreement to pay for it ; and there are serious differences of opinion, whether charters and statutes impose a personal liability.

When the language of a charter or statute does not in

terms authorize the corporation to make a call personally upon a holder of stock, or impose upon him a personal obligation to pay, but authorizes a collection by sale of the shares, the construction in this and most of the other States has been, that no personal obligation to pay was imposed. While in an elaborate opinion in the case of *The Hartford and New Haven Rail Road Company* v. *Kennedy* the court appears to have come to a conclusion, that a personal liability was imposed by the charter, not in express terms, but to be inferred from the design and purpose of the Act, to have payment made for the stock subscribed. However satisfactory the reasoning to authorize such an inference may be, when no other mode of obtaining payment is provided, it cannot readily obtain the concurrence of other minds, when a mode is provided, by which the design and purpose of the charter may be accomplished, without imposing a personal liability. There can, in such case, be no occasion to infer that a liability was intended to be imposed, different from that expressly provided. To come to such a conclusion in this State, would be to change the law, existing when the defendant signed the subscription, and to impose upon him a liability, which he did not, according to the existing law, assume.

Under a statute providing, that " it shall be the duty of the directors, for the time being, to call for and demand of the stockholders respectively, all such sums of money by them subscribed, at such times and in such proportions, as they shall see fit, under penalty of forfeiture to said company of their shares, and all previous payments made thereon," the decision was made in the case of *The Herkimer Manufacturing and Hydraulic Company* v. *Small*, 21 Wend. 273. And the language was regarded as imposing upon the directors, the duty to make a personal call, and upon the share-holder a personal obligation to pay. In a case between the same parties, in 2 Comstock, 330, a majority of the court came to a different conclusion.

If this action is maintained, it must be by virtue of the contract subscribed by the defendant ; or by virtue of some

statute provision ; or by virtue of such provision considered in connection with the by-laws of the corporation.

The subscription made by the defendant, on October 28, 1846, contains no promise or agreement to pay for the shares. It is at most but an agreement, by which he became the owner of twelve shares of the stock, subject to payment to be made for them.

The sixth section of the charter provides, that the corporation "may make and collect such assessments on the shares of such capital stock, as may be deemed expedient, in such manner as shall be prescribed in their by-laws." Here is no personal obligation imposed by the charter itself. All that can be claimed, is, that the clause authorizes the corporation to impose such an obligation by its by-laws. The language is peculiar. It does not authorize the corporation to make assessments on the shares, and to collect them in such manner as shall be prescribed in their by-laws. The authority conferred is to "collect such assessments on the shares" "in such manner as shall be prescribed in their by-laws." When it was well known at the time, when the charter was granted, that by the law, as administered in this State, no personal obligation to pay was imposed upon the owner of stock without an express · provision therefor, if it had been the intention to subject the owners of the stock to such a personal liability, it is highly improbable, that the Legislature would have omitted to do it, and have delegated the power to do it to the corporation. The language used can have its full effect without a construction, which would confer such a power. It is more appropriate to authorize a collection on the shares by a sale or other disposition of them as the by-laws should prescribe, than it is to confer the power to impose a personal liability. This construction is sustained also by the consideration, that by the first section of the charter authority is conferred to make by-laws "not repugnant to the laws of the State," and that neither by the existing laws nor by the acts then recently passed concerning corporations, c. 200, and defining the rights and duties of rail road corporations, c. 204, is any such liability

imposed. The general act respecting corporations contained in the Revised Statutes c. 76, § 6, authorizes them to determine by their by-laws the mode of selling shares for non-payment of assessments, but it imposes upon the share-holder no personal obligation to pay. The charter cannot be considered as specially delegating the power to impose such an obligation not imposed by the charter or any statute provision.

The sixteenth by-law provides for the sale of shares, when the assessments made upon them have not been paid, and that " if the shares of any such delinquent stockholder shall not sell for a sum sufficient to pay his assessments with interest and charges of sale, he shall be held liable to the corporation for any deficiency."

A corporation may contract with one of its members as well as with a stranger. When it so contracts, there are two parties to the contract, the terms of which can no more be varied by one party without the consent of the other, than they could be, if made between individual persons. A vote passed by the corporate members can have no effect upon a contract made by the corporation with one of them to his prejudice. The legal effect of the paper subscribed by the defendant cannot be varied by a vote or by-law of the corporation. As it contains no promise to pay, one cannot be engrafted upon it by a by-law or by any other act of the corporation. *Revere* v. *Boston Copper Company*, 15 Pick. 363.

The defendant being exempt from any personal liability to pay by the existing laws of the State and by the charter, the laws regulating the relations and duties of corporations and their members cannot be changed by a corporate by-law. A by-law, made in pursuance of an express power to make such laws, if contrary to the common law or to a legislative act, is void. It must be lawful and reasonable. Com. Dig. By-law, B. 1; *Sargent* v. *Franklin Ins. Co.* 8 Pick. 96; *Durham* v. *Trustees of Rochester*, 5 Cow. 462.

In the matter of the *Long Island Railroad*, 19 Wend. 37,

a question arose, whether the directors could declare a forfeiture of stock to the corporation for the non-payment of instalments due, and it was decided that they could not without being expressly authorized by statute to do so. In the opinion it is said, " the general law has ascertained the rights of person and property of the citizen, and established modes of proceeding in case of a violation of them, and corporate bodies must conform to them in seeking redress, the same as individuals."

As the case fails to show, that the defendant has assumed any personal liability to pay assessments regularly made upon the shares, it will not be necessary to consider the other questions presented.

*Plaintiffs nonsuit.*