### JAY BRIDGE CORPORATION *versus* WOODMAN.

The power, given to incorporated companies, to establish by-laws not repugnant to the laws of the State, does not authorize a by-law by any corporation, which confers upon it the right to recover, in an action against a stockholder, the amount of any assessment, or balance of any assessment, made upon his shares.

The decision in *Kennebec and Portland Rail Road Company* v. *Kendall*, 31 Maine, 470, affirmed.

ASSUMPSIT.

The defendant became, by purchase, the owner of nineteen shares in the plaintiff corporation, which was chartered in 1834. An assessment was afterwards laid upon them, and,

to enforce the payment of that assessment, they were sold by the company. The proceeds of the sale were insufficient to pay the assessment, and this suit is brought to recover the balance. The plaintiffs' charter conferred the power of establishing by-laws, for regulating their affairs, not repugnant to the laws of the State.

Their second by-law provides that sales of shares may be made to enforce the collection of assessments, and that, "*if such sale shall not raise a sufficient sum to discharge such assessment, the corporation shall have the further right of recovering by civil action against such delinquent proprietor all such deficiency.*"

A verdict was found for the plaintiffs, which is to be set aside, and a nonsuit to be entered, if, upon the whole case, the plaintiffs are not entitled to recover.

*Sherburne* and *May*, for the defendant.

No action of this nature can be maintained, except upon some statute provision expressly authorizing it, or upon the express promise of the party sought to be charged. *Andover and Medford Turnpike Corporation* v. *Gould*, 6 Mass. 40; *Same* v. *Hay*, 7 Mass. 102; *New Bedford and Bridgwater Turnpike Corporation* v. *John Q. Adams*, 8 Mass. 138; *Taunton and South Boston Turnpike Corporation* v. *Wm. P. Whiting*, 10 Mass. 327; *Middlesex Turnpike Corporation* v. *Samuel Swan*, 10 Mass. 384; *Salem Mill Dam Corporation* v. *Joseph Ropes*, 6 Pick. 23; *Ripley* v. *Sampson*, 10 Pick. 371; *Cutler* v. *Middlesex Factory Co.* 14 Pick. 483; *Franklin Glass Co.* v. *White*, 14 Mass. 286; *Bangor Bridge* v. *McMahon*, 1 Fairfield, 478; *Bangor House* v. *Hinckley*, 3 Fairfield, 385.

There is neither statute provision, nor express promise to support the action. The by-law of the corporation is impotent for any such purpose.

It is repugnant to the laws of the State. *Sargent & al.* v. *Franklin Insurance Co.* 8 Pick. 90; *City of Boston* v. *Shaw*, 1 Metc. 130; *Vandine, Petitioner, &c.*, 6 Pick. 190; The matter of the *Long Island R. R. Co.* 19 Wend. 37; *Dun-*

*ham* v. *Trustees of Rochester*, 5 Cowen, 462; *Commonwealth* v. *Turner*, 1 Cush. 493.

It is an assumption of extraordinary power, and is unauthorized. 19 Wend. 37, and 5 Cowen, above cited, 462.

It is unreasonable, giving the majority of a corporation, unlimited power over the rights and property of the minority. Corporations have, in every variety of form, attempted to usurp this power, and although the courts have in every case denied it, still the legislative authority has never to this day interfered. Our Revised Statute, chap. 76, sect. 6, in which the Legislature undoubtedly attempted to re-enact what was then the law of the State, including the common law upon that subject, negatively excludes any such authority. 19 Wend. 37, and cases there cited; *Commonwealth* v. *Worcester*, 3 Pick. 462.

*H. Belcher* and *R. Goodenow*, for the plaintiffs. The by-law is valid. It was authorized by the charter. It is a necessary provision for the regulation of the company affairs, and is not repugnant to the laws of the State.

The right to assess would be of no value, unless connected with a right of action, in case of deficiency in the avails of the sales. Though a mode of collection, by selling the shares, is prescribed, it does not exclude other modes. The remedy by a sale of the shares is merely cumulative.

To confirm the by-law, would not injure the defendant inasmuch as the proprietors are liable for corporation debts.

The cases cited from New York are inapplicable. The law there is different from ours. It provides a forfeiture.

The defendant, by becoming a member of the corporation, assented to be bound by its regulations. The by-law was a mere regulation to operate only among the members. Its purpose was to effectuate equal justice between them, and to ensure the great object which all had in view. 6 Humph. 241 and 515; 3 Grat. 215.

TENNEY, J. — It appears from the report of the case and the documents therein referred to, that the defendant held nine-

teen shares of the capital stock of the corporation, by assignment from Ephraim Woodman, who was the owner of the same shares as an original stockholder. After the transfer to the defendant, they were sold for the purpose of raising the amount of the assessments thereon. The avails of the sale being insufficient to cover the assessments and the costs of the sale, this action is brought for the recovery of the balance.

For the maintenance of the action, the plaintiffs rely upon· the Act of incorporation, sect. 1, whereby the company have the power to "make by-laws for regulating their affairs, not repugnant to the laws of the State," and upon the by-laws, article 2.

It is not denied by the defendant, if the provision of the by-law referred to is of binding obligation upon him, that it confers the right to commence and maintain this action. But it is insisted, that it is repugnant to the laws of the State, as contained in the Revised Statutes, chap. 76. The sixth section of that chapter provides, that all corporations instituted in this State, may by their by-laws, when no other provision is specially made, determine the mode of selling shares for the non-payment of assessments.

In the case of *the Kennebec and Portland Rail Road Company* v. *Kendall*, 31 Maine, 470, this court decided, that a provision in the by-laws, substantially similar to that under which this action is attempted to be sustained, was not authorized by the charter, which empowered the company to make and collect such assessments on the shares of said capital stock, as may be deemed expedient, in such manner as shall be prescribed in their by-laws, and that it was repugnant to the laws of the State, in chap. 76, sect. 1, R. S. The clause in the first section of the plaintiffs' charter, relied upon, confers no greater power, than that possessed by the company in the case cited. It was settled in the same case, that the unauthorized vote of the corporate members had no effect upon a contract by the corporation with one of them to his prejudice, and that he was not bound by a by-law, which was re-·

pugnant to the general laws of the State, notwithstanding he was a stockholder at the time the by-law was adopted by the company.

But it is insisted that the defendant's assignor, by subscribing the by-laws, was bound thereby in the nature of a contract to pay assessments upon his shares, in the mode prescribed in the by-laws, article 2; and that the defendant, being his assignee of the same shares, is equally liable. We are not called upon to determine what would have been the legal obligations of the defendant's assignor, if he had made no transfer of his stock, by virtue of his assent to a provision of the by-laws, which the charter did not contemplate. Whatever were his liabilities to pay assessments under a contract specially entered into, and which was one that the corporation could not impose upon him, by a corporate vote, they were in their nature personal, and could not be passed to his assignee by the assignment alone.

There is nothing in the charter, the by-laws, or the contract of assignment, which can create any obligation on the defendant, upon the ground that he agreed to assume the liabilities of his assignor. He made no contract with the corporation, and did not bind himself in any manner, touching assessments to be made upon the shares. He would be bound by the by-laws, which the corporation had power to make, and by no other. He is not therefore bound to pay assessments in any mode, which the charter did not authorize, whatever might be the rights of the company to enforce the payment against his assignor, under his contract, if any he made.

The plaintiffs not being entitled to recover against the defendant, according to the agreement of the parties, the verdict is to be set aside, and a nonsuit entered.