# COUNTY OF OXFORD.

### CAME *versus* BRIGHAM.

Of the evidence necessary to establish the existence of a corporation.

The provisions of c. 76, R. S., attach to all railroad corporations, unless specially exempted therefrom by their charter.

And the individual members of such corporations are subjected to the special liabilities imposed by that Act.

In an action against a stockholder, for the neglect of the corporation to pay a judgment against them, *he* cannot interpose the defence, that there was a variance in the original suit between the proof and the declaration.    It is enough that the record shows a good cause of action, and that no such objection was made by the corporation.

The by-laws of a corporation, not repugnant to the laws of the land, are obligatory upon all its members.

Where a corporation is properly organized, for the transaction of its business it may lawfully make and utter its promissory notes in accordance with its by-laws.

A judgment against a corporation, cannot be impeached for any defect in the service of the original process, by any party a privy to it.    As to *such* it is valid until reversed.

The return of an officer upon an execution is sufficient evidence, that he held the execution for the purpose of collecting it.

Of the rights of a judgment creditor, under R. S., c. 76, against stockholders.

The stockholders of a corporation, for an unsatisfied judgment against it, are liable to such judgment creditor, although he is an *assignee* of the debt against it.

Came *v.* Brigham.

On Report from *Nisi Prius*, Shepley, C. J., presiding.

Action on the Case to recover of defendant, as a stockholder of the Buckfield Branch Railroad Corporation, the amount due to the plaintiff on a judgment recovered against the corporation.

The Court were authorized to draw such conclusions as a jury might, and enter judgment by default or nonsuit, as the facts and law should warrant.

A copy of the judgment, execution and officer's return thereon were introduced and evidence that defendant was a stockholder, also the act of incorporation and the records.

The objections made to the plaintiff's recovery are all stated in the opinion.

*Ludden,* for defendant.

*Perry,* for plaintiff.

Appleton, J. — The plaintiff in this case having recovered judgment against the Buckfield Railroad Company, and having failed to obtain satisfaction of the execution issued thereon, has brought this suit against the defendant, who is claimed to be a member of that corporation to recover of him the amount due, in pursuance of the provisions of R. S., c. 76, § § 18, 19, 20. To its maintenance numerous objections have been interposed, which it becomes necessary carefully to examine.

1. It is insisted, that there is no evidence of the existence of the alleged corporation. It is in general sufficient to give in evidence the Act of incorporation and the actual use and privileges of an incorporated company under the name designated in the Act, to entitle the plaintiff to maintain his action against such corporation. *Narraganset Bank* v. *Atlantic Silk Co.,* 3 Met. 282. The records of the corporation show an organization under their charter, and action for a series of years under such organization. The defendant took stock in the corporation, was present at its meetings, was elected one of its officers, was connusant of its proceedings, and when not present appears to have

given his proxy to others to act for him. The existence of the corporation is abundantly established by its records, and by its corporate acts as well as by the admissions of the defendant.

2. A more important question presented for consideration is, whether the Buckfield Branch Railroad Company is subject to the provisions of R. S. c. 76, by which stockholders are made liable for corporate debts in certain cases. The charter of this corporation provides, that it shall be subject to all liabilities arising under R. S., c. 81, respecting railroads. It is argued, that inasmuch as it is not declared in the charter to be subject to the Act regulating corporations, R. S., c. 76, that therefore it is exempt from its operation. In very many charters a clause has been inserted to the effect, that the corporation thereby established is subject to the provisions of that Act, and it is insisted, that when this clause is omitted, that the corporation and its members are relieved from its obligations and liabilities. But such is not the law. It is enacted by R. S., c. 76, § 18, that in all corporations, excepting banking corporations, created since Feb. 16, 1836, the stockholders shall be held liable for corporate debts, " unless otherwise specified in their charter." The general law attaches in all cases, unless special provisions to the contrary are made. The liabilities of stockholders arises from the Act of incorporation. This was deemed necessary for the protection of the public, and it is obvious, that the Legislature intended the general rule applicable to all corporations to be that stockholders should be liable, and that if in any case an exception was to be made, it should be specified in the charter of the corporation whose members were thus to be relieved. The repeal of this provision must be specially set forth in the charter. Mere silence on the subject is not enough. The assertion in the charter, that the corporation is to be subject to R. S., c. 76, was unnecessary. The omission of what was unnecessary cannot impair or diminish the rights of the public. This corporation must there-

fore, be regarded as subject to the general law applicable to corporations, and its members as subject to the special liabilities thereby imposed.

3. The name of the corporation, of which the defendant is a member, and in consequence of which membership the plaintiff claims, that he is liable for its corporate debts, is the Buckfield Branch Railroad Company. The original suit and judgment thereon was against the corporation by that name. The note in suit in that case purports to be that of the President Directors and Company of the Buckfield Branch Railroad, and is signed by the Treasurer. The objection taken is, that the note does not purport to be given by the corporation, there being a variance from the corporate name by the omission of the word company. The writ and the judgment in the suit describe the corporation correctly. It is well settled, that the notes or other proof used as evidence in ascertaining damages constitute no part of the record, and cannot be regarded in case error should be brought to reverse the judgment in which they were offered. *Storer* v. *White,* 7 Mass. 448; *Peirce* v. *Adams,* 8 Mass. 383. The record disclosing a good cause of action, and there having been a default, the defendant cannot now take the exception, that there was a variance, and that the proof did not sustain the declaration. The corporation of which he was a member, and by whose acts he is bound, interposed no such objection, and in this stage of the proceedings we do not think it open to the defendant.

4. Corporations have the right to manage and control their affairs, subject to the general laws of the land, as they may deem advisable, and as incident thereto, to make such by-laws as will best effectuate the objects proposed to be accomplished. Those duly made are obligatory upon all the members, and each one is bound to take notice of them. No objection can be taken to the ninth by-law, which provides how the promissory notes of the corporation are to be given.

5. It appears from a notice signed by this defendant and others, dated August 4, 1848, that before proceeding to organize the corporation, that its capital stock " as prescribed and established by the Act of incorporation, had been duly subscribed for and taken up agreeably to the provisions of said Act." Such being the case, they properly proceeded to organize.

But having duly organized, the ground is taken that if a corporation, still it is not competent for them to give their promissory notes, and to this point is cited *McCullough* v. *Moss,* 5 Den. 567. Upon examining this case, it will be found that the right of a corporation to make a promissory note in the transaction of its business, is expressly recognized. In *Moll* v. *Hicks,* 1 Cow. 513, it was held that it might give a note for a debt incurred in the course of its legitimate business; and the same doctrine was again affirmed in *Att'y Gen.* v. *Life and Fire Ins. Co.* 9 Paige, 470. The authority to sign a note, and the mode and manner in which notes shall be given to bind the corporation, distinctly appear in the by-laws, in accordance with which the note upon which the judgment was rendered appears to have been given. Although the note may not appear under its appropriate date in the records of the treasurer, it does not follow that it was not properly given. It is not alleged that the corporation did not receive the funds, and that they are not justly responsible therefor. The omission of the word company in the descriptive portion of the note, furnishes no equitable ground for resisting its payment.

6. The cases cited establish the proposition that in many cases where judgment is rendered by default, it may be reversed where the service made has not been in accordance with the requirements of the statute. But while a judgment where the service has been defective may be erroneous, and may for that cause be reversed, it is still regarded as against all parties and privies, as a valid judgment till its reversal. The individual or corporation against whom it has been rendered, may not choose to take advantage of the errors

which exist in the process. It is true that it was held in
*Downes* v. *Fuller*, 2 Metc. 135, that where a judgment re-
covered contrary to law is prejudicial .to a third party, he
may avoid it by plea and proof. But the defendant is not
in condition to take advantage of this principle. It was
decided in *Merrill* v. *Suffolk Bank*, 31 Maine, 57, that a
stockholder in a corporation against which judgment has
been recovered, and out of whose estate the execution is-
sued thereon has been satisfied, is so far a privy in law that
he may bring error to reverse it. That he has. not done,
and according to the authorities cited by the learned coun-
sel for the defendant, the judgment is to be regarded as
valid against him until it shall be reversed.

7. The return of the officer on the execution against the
Buckfield Branch Railroad Co. is to be taken as true. The
officer has made thereon his return. It sufficiently appears
that he was the officer holding the execution, by the fact of
his return. The necessary and unavoidable implication
therefrom is, that it was in his hands and under his control,
for the purposes of its legal enforcement.

The judgment creditor under R. S., c. 76, has a claim
which he may enforce against any or all stockholders. He
may take the preliminary steps against any or all, by making
the requisite demand and giving the required notices of his
intention, and enforce his rights by suit against any one he
may select. Nor is it material that the individual against
whom the suit may be brought, should own more or less
than the amount of the judgment. His liability is fixed by
the statute, and cannot be enlarged. *Stanley* v. *Stanley*,
26 Maine, 191. The return of the officer shows a compli-
ance with the requirements of R. S., c. 76, § 18, 19, 20.

8. The remaining objection is that the plaintiff being an
assignee of the demand in suit, is not entitled to the bene-
fits of the provisions by which stockholders are made liable.
The liability is " for all the debts of the corporation." No
reason is perceived why the obligation of the stockholders
is not equally great to pay the assignee of a debt, as if it

had remained the property of the assignor. The statute, neither in terms nor in its equities, limits the liability of the stockholder to the case where the suit is in the name of the original creditor. Its language is most general. All creditors, whether so originally, or by indorsement or assignment, are within its beneficial provisions.

The defendant became a member of this corporation by his own voluntary act. Great and severe losses would seem to have been suffered by its stockholders. If the speculation had been successful, the defendant would justly have been entitled to the rewards of his enterprise. Neither the principles of law nor of equity require that the plaintiff should bear the burthens resulting from ill advised or badly managed schemes of public improvement, to which he was not a party, and from which he was to derive no gains. As between him and the defendant, his equity is the greater, and he is entitled to judgment.    *Defendant defaulted.*

SHEPLEY, C. J., and HATHAWAY and TENNEY, J. J, concurred.