WILLIAM H. IRELAND *vs.* GLOBE MILLING CO.

PROVIDENCE—SEPTEMBER 29, 1898.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *Foreign Corporations. By-Laws. Majority and Minority Stockholders.*

The proper office of by-laws of a corporation is to regulate the transaction of its business ; they should not affect rights of property or create obligations unknown to the law.

A majority have no right, under the form of a by-law, to impose restrictions upon a minority in the free transfer of their stock which are not specially authorized by statute or charter, or are not reasonably necessary to the business of the corporation.

By-laws may be passed on subjects not specially mentioned in the statute, so far as they relate to the regulation of the affairs of the corporation.

A statute providing that " corporations may make by-laws consistent with the laws of the state and their charter," does not authorize a by-law which seeks to impose a personal obligation not specified in the statute and not otherwise authorized by law.

(2)  *Transfer of Stock.*

The assignment of shares of stock in a corporation by one who has assented to an unauthorized by-law has only the effect of a contract by, and enforceable against, the assignor ; the assignee is not bound by such by-law by virtue of the assignment alone.

CASE for refusal of defendant to record on its books transfers of its stock purchased by plaintiff from a prior holder. Heard on demurrer to special plea in bar.    (See 19 R. I. 180, and 20 R. I. 190, for prior decisions in this case.)

STINESS, J.   This case has been twice before the court on questions of pleading successively raised.   The plaintiff sues the defendant for damages for a refusal to transfer stock upon its books to him, which had been sold to him by Wm. R. Stearns, the owner of record, by a delivery of the certificate and a power of attorney to W. H. Sweetland to make the transfer.   Recalling only the pleas which relate to the question now before us, the defendant's third plea, at the first hearing, sets up the fact that upon its organization, August 10, 1892, certain by-laws were adopted, providing that no stockholder should sell his stock until thirty days

after an offer to the corporation, and that shares could be transferred by endorsement on the certificates, but the transfer should not be valid, except between the parties, until the same should be recorded on the books of the company, and the plea alleged non-compliance with those by-laws.

The plaintiff in reply set up certain statutes of Maine, where this corporation was created and is located, relating to corporations, and, following the decision of the Supreme Court of Maine in *Kennebec* v. *Kendall*, 31 Me. 470, we held that the corporation had no power to pass such a by-law, because the statute relating to by-laws gave no authority to pass a by-law of that kind. 19 R. I. 180. The defendant then filed additional pleas, setting up the substance of the by-law as an agreement between the subscribers to the stock and the corporation. It appeared, however, that the certificate of organization was not filed with the secretary of state until August 31, 1892, and hence, by the terms of the statute, the organization did not become a corporation or become authorized to do business until that time. The corporation, therefore, could not have made such an agreement on August 10, 1892. 20 R. I. 190.

The defendant, by further amendment to the third plea, now sets up Rev. Statutes of Maine, cap. 46, §§ 1, 2, 6, and 12, and cap. 48, §§ 1 and 16 to 19 inclusive, under which, especially cap. 46, § 2, providing that corporations may make by-laws *consistent with the laws of the State*, it is argued that the by-laws in question are consistent with the laws of the State and so the corporation had power to pass them, although they are not among the classes enumerated in cap. 46, § 6. It is also set out that the by-laws have been continuously in force.

The plaintiff demurs to the plea as amended.

The question thus raised is the validity of the limitation of a stockholder's right to transfer his stock without first offering it to the corporation for a period of thirty days.

We fully agree with the claim of the defendant that this question should be decided according to the law of the State of Maine, and such was our effort in the previous opinion.

It is a delicate, and not always a satisfactory, task to declare the law of another State. It is to be regretted that this precise question has not been passed upon by the Supreme Court of Maine, but it seems to us to be included in the *ratio decidendi* of *Kennebec* v. *Kendall, supra.* That case has been affirmed in *Jay Bridge* v. *Woodman,* 31 Me. 573 ; and in *Belfast* v. *Moore,* 60 Me. 561. We are not aware that it has in any way since been criticised or disapproved.

(1)   That was an action of assumpsit for a subscription to corporate stock. A by-law of the company provided that "if the shares of any such delinquent stockholder shall not sell for a sum sufficient to pay his assessments with interest and charges of sale, he shall be held liable to the corporation for any deficiency." The gist of the decision is that, although a personal obligation may be imposed upon a holder of stock by charter or statute and also by his express agreement, such obligation cannot be imposed by a by-law under the general act respecting corporations. In other words, a statutory provision that "corporations may make by-laws consistent with the laws of the state and their charters" (Rev. Stats. Me. cap. 46, § 2) ; or that "corporations may determine by their by-laws the manner of calling and conducting meetings ;" the number of members that constitute a quorum ; the number of votes to be given by stockholders ; the tenure of the several officers ; the mode of voting by proxy and of selling shares for neglect to pay assessments ; and may enforce such by-laws by penalties not exceeding twenty dollars" (Rev. Stats. Me. cap. 46, § 6); does not authorize a by-law which seeks to impose a personal obligation not specified in the statute and not otherwise authorized by law. The proper office of by-laws is to regulate the transaction of the incidental business of a corporation. They should not affect rights of property or create obligations unknown to the law. A majority have no right, under the form of a by-law, to impose restrictions upon a minority in the free transfer of their stock which are not specially authorized by statute or charter, or which are not reasonably necessary to the business of the corporation.

This we understand to be the doctrine of the decision in Maine. It is not based upon the fact, as assumed in argument, that no by-laws can be passed except those specially mentioned in the statute, but upon the lack of power in a corporation to restrict private rights, except in cases pertaining to the orderly conduct of affairs, of which the classes specified in the statute are examples. This is clearly brought out in *Kennebec* v. *Kendall*, where the court says: "The general act respecting corporations contained in the Revised Statutes, c. 76, § 6" (similar to the present Rev. Stats. c. 46, § 6), "authorizes them to determine by their by-laws the mode of selling shares for non-payment of assessments, but it imposes no personal obligation to pay. The charter cannot be considered as specially delegating the power to impose such an obligation not imposed by the charter or any statute provision."

(2)     It is argued that as Stearns, the assignor of the stock in this case, knew of the by-law, took part in its adoption and so assented to it, he was bound by it and could give to his assignee no greater rights than he himself had in the stock. But where the by-law was without authority of statute, it was held in *Jay Bridge* v. *Woodman, supra*, that it could only have the effect of a contract by, and enforceable against, the assignor, and that the assignee was not bound by it, by virtue of the assignment alone.

The cases relied upon by the defendant are not opposed to the doctrine stated above.

In *Dane* v. *Young*, 61 Me. 161 (168), the by-laws of a bank provided that shares of stock should be transferable by indorsement in writing by the holder in presence of the cashier and two other witnesses. These were upheld upon the ground that they were incidental to the business of the bank, "as checks upon fictitious transfers of stock." The owner was not deprived of any private right thereby, but is simply required to conform to a prescribed rule for evidence of the fact and regularity of a transfer. As it is necessary for corporations to know who are the stockholders, authority to pass a by-law to this end cannot be doubted.

In *Came* v. *Brigham*, 39 Me. 35, a by-law provided how the promissory notes of the corporation should be given. This so clearly relates to the conduct of business as to require no comment.

In *Railroad Co.* v. *Belfast*, 77 Me. 445, a by-law related to dividends on preferred and non-preferred stock. This also was a detail in the conduct of the business.

These cases are cited to show that by-laws may be passed on the subjects which are not specially mentioned in the statute. We do not question this proposition, so far as they relate to the regulation of the affairs of the corporation. What we say is that, when they go beyond this and restrict the private right of a stockholder to dispose of his stock, we understand the law of the State of Maine to be that such by-laws are not authorized by the statutes of Maine.

In this view of the case it is not necessary to discuss the general question of the validity of a by-law like this. It is enough to find that it is not authorized by the law of the State of Maine. Such a rule of law is not inconsistent with the law of this State, so far as it has been declared.

In *Lockwood* v. *Mechanics Bank*, 9 R. I. 308, it was held that, under the National Currency Act of Congress, of 1864, a national bank had the power to make by-laws providing that no stockholder should be allowed to sell or transfer his stock while indebted to the bank without the assent of the directors, and that the stock of any stockholder should be held pledged and liable for the payment of any debt due or owing from such stockholder. But that case was essentially different from the case before us.

In *Sweetland* v. *Quidnick Co.*, 11 R. I. 328, the preëmption clause in favor of the corporation was contained in the charter.

In *American Bank* v. *Oriental Mills*, 17 R. I. 551, the validity of the preëmption right, created by the by-laws, was not considered, for the reason that the fact that the transfer had been made upon the books of the bank was evidence that the offer had been made and declined, or else that it had been waived, and that, in any event, the complainant could not take the objection.

Our conclusion is that the demurrer to the plea must be sustained, and this disposes of the other questions raised by the subsequent proceedings.

*William. H. Sweetland*, for plaintiff.

*Irving Champlin and Warren R. Perce*, for defendant.