CHARLES A. MILLER, APPELLEE, V. FARMERS MILLING & ELEVATOR COMPANY ET AL.; APPELLANTS.

FILED FEBRUARY 21, 1907. No. 14,599.

1. **Corporations**: TRANSFER OF STOCK. The regulation of stock transfers is a legitimate subject of corporate legislation, in the form of by-laws, to enable the corporation to know who are stockholders, to whom dividends are payable, who are entitled to vote, and, where the company has a lien on the stock for debts due to it from the stockholders, to enable it to prevent a transfer in derogation of its rights.

2. ——: ——. But such legislation will not be enforced beyond what is reasonably necessary to serve such purposes, where its enforcement would operate as an infringement on the property rights of others, or as an unreasonable restraint upon the transfer of property in the stock of the corporation.

3. ——: STATUTORY REGULATIONS. Section 124, ch. 16, Comp. St. 1905, is not only definitive of the general powers of a corporation, but is also expressive of certain corporate qualities or properties, or consequences which follow the act of incorporation.

4. ——: ——. The fifth clause of that section, which purports to give a corporation the power "to render the interest of the stockholders transferable," was not intended to make the transferability of stock dependent on some affirmative act of the corporation authorizing its transfer, but to impress the stock with that quality as a consequence of the act of incorporation.

5. ——: BY-LAWS: VALIDITY. A by-law of a corporation organized under the laws of this state, which limits the number of shares which a person may hold, or forbids a transfer of stock by a stockholder to a nonstockholder without the consent of the directors, is void as an unreasonable restriction upon the transfer of property.

APPEAL from the district court for Madison county: JOHN F. BOYD, JUDGE. *Affirmed.*

*Allen & Reed,* for appellants.

*Courtright & Sidner,* contra.

ALBERT, C.

The Farmers Milling & Elevator Company of Newman Grove is a corporation which was organized under the laws of this state early in December, 1900, for the purpose of manufacturing flour and dealing in grain, lumber and coal. Afterwards the corporation adopted certain by-laws, among which are the following: "Sec. 4. No person shall be allowed to hold more than five (5) shares at any one time. Sec. 5. The stock of this association shall be assignable by indorsement; upon presentation to the secretary of any assigned shares of stock he shall issue to the indorsed (sic.) a new share of stock, making of

such transfer and issue a proper record upon the books of the company. Sec. 28. Stock of this corporation shall not be transferred by a stockholder to a nonstockholder only through the consent of the board of directors." After these by-laws had been adopted, Charles A. Miller, who was not one of the original stockholders, bought some 64 shares of the stock from the holders thereof, without the consent of the board of directors of the corporation. Some of this stock was registered and some not, but as the case does not turn on that distinction further reference to it is unnecessary. The officers and directors of the corporation, acting upon the provisions of the by-laws against any person holding more than five shares of stock at one time, and the transfer of stock to a nonstockholder, denied Miller the rights of a stockholder, his right to have his stock registered, or to transfer any portion thereof without consent of the directors. Miller took the position that those provisions of the by-laws were void, and brought this suit against the corporation, its officers and directors to enforce his rights as a stockholder. The trial court granted the relief prayed, and the defendants appeal.

The question presented by the appeal is whether a corporation organized under the laws of this state can, by its by-laws, limit the number of shares of its stock a person may hold at one time, and prevent a transfer of stock by a stockholder to a nonstockholder without the consent of the directors of the corporation? If it can, the decree of the district court is wrong and should be reversed, otherwise it should be affirmed. The power to make by-laws not inconsistent with the law of the land, is one of the common law incidents to a corporate existence (Angell and Ames, Corporations (11th ed.), sec 325), and is expressly conferred by statute. Section 124, ch. 16, Comp. St. 1905. The transfer of stock has been uniformly regarded as a legitimate subject of corporate legislation, to enable the company to know who are stockholders, to whom dividends are to be paid, who are

entitled to vote, and, where the company has a lien on the stock for debts due to it from the stockholders, to enable it to prevent a transfer in derogation of its own rights. But such legislation will not be enforced beyond what is necessary to serve those purposes, where its enforcement would operate as an infringement on the property rights of others, or as an unreasonable restraint upon the disposition of property in the stock of the corporation. *Farmers & Merchants Bank v. Wasson*, 48 Ia. 336. As is said in Boone, Corporations, sec. 122: "The right of transfer is incidental to the ownership of shares in the stock of joint-stock companies and corporations, formed in pursuance of legislative authority; and a by-law which unreasonably interferes with the free exercise of this right is void, as being in restraint of trade." See, also, 2 Thompson, Commentaries, Law of Corporations, sec. 2300; Angell and Ames, Corporations, (11th ed.), secs. 353, 354; 1 Cook, Stock and Stockholders, secs. 331, 332; 2 Cook, Corporations, sec. 621a. The correlative right to purchase rests on similar grounds. 2 Thompson, Commentaries, Law of Corporations, *supra*. In *In re Klaus*, 29 N. W. 582, 67 Wis. 401, the court said: "A by-law of a corporation which prohibits the transfer of stock by a stockholder without the consent of all the stockholders is against public policy and void. No exception can be made in the application of this rule on the ground that the stockholders of the corporation are few, and were originally copartners, and the one against whom the by-law is invoked consented to and voted for it." In *Herring v. Ruskin C. Ass'n*, 52 S. W. (Tenn. Ch.) 327, the court held that a by-law prohibiting the transfer of stock except to the corporation, though indorsed on the certificate of stock, was void. In *Chouteau Spring Co. v. Harris*, 20 Mo. 383, the court held that the power to regulate the transfer of stock did not include the power to restrain transfers or to prescribe to whom they might be made, but merely to prescribe the formalities to be observed in making them, and that the company could not

prevent a party from selling his stock, even to an insolvent person. In *Bloede v. Bloede,* 84 Md. 129, 34 Atl. 1127, the court held that a by-law, requiring a stockholder to give notice of his intention to sell, and that the other stockholders shall thereupon have the option to purchase the stock at the price named, was an invalid restraint of alienation. In *Ireland v. Globe Milling Co.,* 21 R. I. 9, 41 Atl. 258, the court held that a statute authorizing corporations to make by-laws consistent with the laws of the state did not authorize a by-law requiring stockholders, before selling their stock, to first offer it to the corporation, and that the assignee of shares was not bound by a corporate by-law passed without authority of statute, even though his assignor had assented thereto. See, also, *Morgan v. Struthers,* 131 U. S. 246; *McNulta v. Corn Belt Bank,* 164 Ill. 427, 45 N. E. 954; *Moore v. Bank of Commerce,* 52 Mo. 377. The by-laws under consideration, tested by the authorities cited, operate as an unreasonable restriction upon the transfer of stock and are void as an unlawful restraint upon the transfer of property.

The defendants cite authorities to the effect that a charter provision or a by-law giving the corporation a lien on the shares of a stockholder for any indebtedness due from him to the corporation, and making a transfer of stock contingent upon the satisfaction of such debt, is valid. Without going into those authorities at length, or expressing approval or disapproval of the doctrine there announced, it will suffice to say that we do not consider them in point. The nominal interest of a stockholder in a corporation is evidenced by his certificates of shares. His actual interest is the difference between his nominal interest and his indebtedness to the corporation. A charter provision or by-law which restricts his right of transfer to a transfer of his actual, instead of his nominal, interest in the corporation is radically different in principle from a provision limiting the number of

shares a person may hold or which forbids a transfer without the consent of the corporation.

But the proposition is advanced that stock issued by a corporation organized under the laws of this state does not possess the quality of transferability independently of affirmative action on the part of the corporation giving it that quality, and, consequently, when such affirmative action is taken by the adoption of by-laws, the transferability of the stock is to be measured by such by-laws. The argument in support of this proposition is based on the fifth clause of section 124, ch. 16, Comp. St. 1905. The entire section is as follows: "Every corporation, as such, has power: First—To have succession by its corporate name. Second—To sue and be sued, to complain and defend in courts of law and equity. Third—To make and use a common seal, and alter the same at pleasure. Fourth—To hold personal estate, and all such real estate as may be necessary for the legitimate business of the corporation. Fifth—To render the interest of the stockholders transferable. Sixth—To appoint such subordinate officers and agents as the business of the corporation shall require, and to allow them a suitable compensation therefor. Seventh—To make by-laws, not inconsistent with any existing law, for the management of its affairs." Counsel's position is that the fifth clause impliedly negatives the right of a stockholder to transfer his stock in the absence of affirmative action on the part of the corporation to render it transferable. We do not think the clause will bear that construction. Generally speaking, stock was transferable at common law and at the time the statute in question was enacted. So radical a departure from that doctrine could not have been made without attracting wide attention, and it would have been followed by prompt action on the part of corporations and the holders of stock to adjust themselves to the change. No such result followed. On the contrary, although that section has stood on the books for almost half a century, corporate stock has been bought and sold,

during all that time, on the theory that its transferability is not dependent upon affirmative action authorizing its transfer. This amounts to a practical or comtemporaneous construction of the statute, which is not to be lightly set aside. Besides, if the legislature had contemplated an innovation of that character, it seems to us it would have expressed itself in more apt and unambiguous language. A careful reading of the entire section leads us to the conclusion that the legislature thereby undertook, not only to define the general powers of a corporation, but also to enumerate certain qualities or properties which it should possess, or certain consequences which should follow the act of incorporation. It is clear that the first clause, the clause relating to succession, is to be taken as expressive of a corporate quality or property, rather than grant of power. It attaches to a corporation the instant it comes into being, and, of necessity, antedates the first corporate act. The fifth clause is complementary to the first, because, unless there could be a change in the ownership of stock, the perpetual succession of the corporation, under its corporate name, would be impossible. The latter clause was intended, we think, not to make the transferability of corporate stock dependent on some affirmative act of the corporation, but to impress the stock with that quality as a consequence of the act of incorporation. We see no escape from the conclusion that the by-laws in question are void as an unreasonable restraint on the transfer of property in the stock of the corporation.

It is therefore recommended that the decree of the district court be affirmed.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.