WILLIAM J. RAFE, Appellant, *v.* SEYMOUR HINDIN et al., Respondents.

Second Department, March 25, 1968.

*Bernard Meyerson* and *Albert Boyar* for appellant.
*Irving Waxman* for respondents.

BELDOCK, P. J. On November 1, 1963 the plaintiff and the individual defendant organized the corporate defendant for the purpose of purchasing and developing a parcel of real property in Port Jefferson Station, New York. Each owned one certificate for 50% of the outstanding stock. There was a legend on each certificate, signed by the parties, which made it nontransferable except to the other stockholder; and written permission from the other stockholder was required to transfer the stock to a third party on the books of the corporation.

In April, 1967, being in financial difficulties, the plaintiff found a prospective purchaser for his stock for $44,000. The plaintiff offered to sell his stock to the individual defendant at that price. The latter refused to buy the stock and also refused to consent to the sale thereof to the plaintiff's prospective purchaser.

The plaintiff then instituted this action for a judgment declaring void the legend on the certificate, declaring the stock transferable to a third party without the consent of the individual defendant, and granting other incidental relief.

In addition to a general denial, the answer to the complaint alleges, as an affirmative defense and counterclaim on behalf of the individual defendant, that he and the plaintiff had mutually agreed prior to the issuance of the stock (a) to limit the principals and stockholders of the corporation to themselves, (b) that neither would transfer his stock without the written consent of the other and (c) that neither would unreasonably withhold his consent. The individual defendant further alleges therein that he has reasonable objections to the transfer of the plaintiff's stock to the prospective purchaser. The defendants seek a judgment declaring that the plaintiff's stock is restricted against sale or transfer to a third party without the individual defendant's written consent or, in the alternative, that the corporation be dissolved.

The plaintiff moved for summary judgment. Special Term denied the motion on the grounds that (1) the restriction on the sale of stock is not unreasonable on its face and (2) whether the individual defendant's refusal to consent to the transfer is reasonable is a question of fact. This is an appeal by the plaintiff from the order denying his motion for summary judgment.

The legend on the stock certificate was not contained either in the certificate of incorporation or in the by-laws of the corporation, but was the result of agreement between the parties. That fact is not a sufficient ground for invalidating the restriction. A restriction on the alienation of stock made between all the stockholders of a corporation may be enforced, if reasonable, even though it is not contained in the certificate of incorporation or the by-laws (cf. *Reynolds* v. *Bank of Mt. Vernon,* 6 App. Div. 62, affd. 158 N. Y. 740).

The legend contained two separate restrictions: (a) each stockholder is required to sell to the other stockholder, but no price is stated at which the offeror is required to sell or the offeree to purchase, and no time limit is set for the offeree to exercise his option to purchase; and (b) each stockholder is required to obtain the consent of the other stockholder to a proposed transfer of the stock to a third party, but there is no provision that the second stockholder may not unreasonably withhold his consent. We are concerned on this appeal solely with the validity of the second restriction.

There is a conflict of authority in other States on the subject of the validity of a restriction on the transfer of stock in a close corporation without the consent of either all or a stated percentage of the other stockholders or the board of directors of the corporation.

In *Longyear* v. *Hardman* (219 Mass. 405) it was held that a provision in a certificate of incorporation that none of the shares of stock shall be sold without the consent of the holders of three quarters of the stock was not palpably unreasonable or unconscionable because in a small business corporation there is a personal relation analogous to a partnership and there should be retained the right to choose one's associates; harmony of purpose and of business methods and ideals among stockholders may be a significant element in success. (See, also, *Colbert* v. *Hennessey,* 351 Mass. 131; *Mason* v. *Mallard Tel. Co.,* 213 Iowa 1076.)

In *Wright* v. *Iredell Tel. Co.* (182 N. C. 308) it was held that a provision in a certificate of incorporation that shares of stock shall not be transferred unless approved by the directors

was valid, where the board of directors had acted in good faith and in the absence of allegation or proof of arbitrary, oppressive, or unreasonable conduct.

In *Tracey* v. *Franklin* (31 Del. Ch. 477, affg. 30 Del. Ch. 407) it was held that a provision whereby two stockholders in a close corporation agreed not to sell their shares, except on the consent of both, was invalid because a restraint on alienation of property is against public policy; and that the fact that two stockholders wish to solidify ownership in themselves is not a legally sufficient purpose to justify the restraint on alienation. To the same effect, see, for example, *People ex rel. Malcom* v. *Lake Sand Corp.* (251 Ill. App. 499); *Steele* v. *Farmers & Merchants Mut. Tel. Assn.* (95 Kan. 580); *Miller* v. *Farmers Milling & Elevator Co.* (78 Neb. 441); *Matter of Klaus* (67 Wis. 401).

In New York certificates of stock are regarded as personal property and are subject to the rule that there be no unreasonable restraint on alienation (*Allen* v. *Biltmore Tissue Corp.*, 2 N Y 2d 534, 540). In *Penthouse Props.* v. *1158 Fifth Ave.* (256 App. Div. 685, 690–691 [quoted with approval in *Allen* (*supra*), at pp. 541–542]) the court declared that '' the general rule that ownership of property cannot exist in one person and the right of alienation in another * * * has in this State been frequently applied to shares of corporate stock * * * and cognizance has been taken of the principle that ' the right of transfer is a right of property, and if another has the arbitrary power to forbid a transfer of property by the owner that amounts to annihilation of property.' ''

A provision in a lease against subletting without the landlord's consent permits the lessor to refuse arbitrarily to consent, for any reason or for no reason, unless the lease provides that the lessor's consent shall not be unreasonably withheld (*Dress Shirt Sales* v. *Hotel Martinique Assoc.*, 12 N Y 2d 339; *Arlu Assoc.* v. *Rosner*, 14 A D 2d 272, affd. 12 N Y 2d 693). The same rule is applicable to assignments of certificates of stock, where the consent of another stockholder to the assignment is required.

The legend on the stock certificate at bar contains no provision that the individual defendant's consent may not be unreasonably withheld. Since the individual defendant is thus given the arbitrary power to forbid a transfer of the shares of stock by the plaintiff, the restriction amounts to annihilation of property. The restriction is not only not reasonable, but it is against public policy and, therefore, illegal. It is an

unwarrantable and unlawful restraint on the sale of personal property, the sale and interchange of which the law favors, and in restraint of trade.

The individual defendant argues that there was an oral agreement between the parties that his consent would not be unreasonably withheld and that, in fact, the withholding of his consent to the transfer to the plaintiff's prospective purchaser was reasonable. Assuming that there was such an oral agreement prior to the issuance of the shares of stock and assuming further that the inclusion of such a provision in the written legend on the stock certificate would make reasonable what we hold to be an unreasonable restraint on alienation, it is our opinion that proof of such an oral agreement would be inadmissible at the trial as in violation of the parol evidence rule. Such an agreement relates so closely to the stockholder relationship and the subject dealt with in the written legend that it would be expected to be embodied in the writing; therefore, if it is contained merely in an oral agreement, it may not be proved (*Fogelson* v. *Rackfay Constr. Co.,* 300 N. Y. 334, and authorities therein cited).

It is further noted that, because the individual defendant is given by the legend on the stock certificate the arbitrary right to refuse for any reason or for no reason to consent to the transfer of the plaintiff's stock to a prospective purchaser, and since no price is stated at which the plaintiff must sell to the individual defendant and which the latter is required to pay to the plaintiff for the plaintiff's stock, the legend may be construed as rendering the sale of the plaintiff's stock impossible to anyone except to the individual defendant at whatever price he wishes to pay. This construction makes the restriction illegal (*Allen* v. *Biltmore Tissue Corp.,* 2 N Y 2d 534, 542, *supra*).

In the *Penthouse Props.* case (256 App. Div. 685, *supra*), it was held that a provision in stock certificates of a corporation operating a co-operative apartment house and in the proprietary leases of apartments therein, barring the transfer of any certificate or the assignment of any lease without the written consent of the board of directors of the corporation or of two thirds of its stockholders, is neither invalid nor unenforcible as in restraint of alienation, where it appeared that the restrictions imposed, viewed in the light of the permanency of the individual occupants as tenant owners, were legal, reasonable, and appropriate to the lawful purpose to be attained; and that the special nature of the ownership of co-operative apartment

houses by tenant owners required that they not be included in the general rule against restraint on the sale of stock of corporations organized for profit. The case at bar involves the sale of stock of a corporation organized for profit and, therefore, does not come within the principle of that holding.

The order denying the plaintiff's motion for summary judgment should be reversed, on the law, with $10 costs and disbursements; the motion should be granted; and judgment should be directed to be entered (1) declaring void the legend on the certificate requiring the consent of the individual defendant to the transfer of the plaintiff's stock to a third party and (2) directing the corporate defendant, upon submission to it of a properly indorsed assignment of the stock and appropriate payment to it on account of any taxes on the transfer, to record the transfer in its stock transfer book, to cancel the plaintiff's stock certificate, to issue a new stock certificate to the plaintiff's transferee, and to record the plaintiff's transferee in its stock book as the present holder of the stock.

CHRIST, BRENNAN, RABIN and HOPKINS, JJ., concur.

Order of the Supreme Court, Nassau County, dated July 28, 1967, which denied plaintiff's motion for summary judgment, reversed, on the law, with $10 costs and disbursements; motion granted; and judgment directed to be entered (1) declaring void the legend on the certificate of stock in question requiring the consent of the individual defendant to the transfer of the plaintiff's stock to a third party and (2) directing the corporate defendant, upon submission to it of a properly indorsed assignment of the stock and appropriate payment to it on account of any taxes on the transfer, to record the transfer in its stock transfer book, to cancel the plaintiff's stock certificate, to issue a new stock certificate to the plaintiff's transferee, and to record the plaintiff's transferee in its stock book as the present holder of the stock.