■ CHARLES H. LEVEY et al., Appellants, v PETER SAPHIER, Respondent, et al., Defendant.—In an action to declare a certain stock option agreement

illegal and void, plaintiffs appeal from an order of the Supreme Court, Nassau County, entered September 8, 1975, which, *inter alia,* (1) granted defendant Saphier's motion for partial summary judgment, (2) denied their cross motion for summary judgment and (3) declared that the option agreement was lawful. Order affirmed, with $50 costs and disbursements. The agreement in controversy involves a sale, as part of an overall business settlement, of two blocks of stock of plaintiff Dynaport Electronics, Inc. The stock was sold by defendants to plaintiffs, as tenants in common, at the price of $16,000 for each block. The agreement grants defendants the option, for a period of 10 years, to repurchase from plaintiffs, at the same price, all of the stock sold. The agreement also contains a restriction on plaintiffs' use of the stock in question for the period that the option remains in force. Specifically, paragraph "4" of the agreement states that: "the Tenants in Common [plaintiffs] represent and covenant that the Dynaport shares * * * shall not be sold, pledged, hypothecated or disposed of, by them and shall at all times during the life of the option hereby granted be kept and reserved subject to such option." Against the background of the larger business transaction between plaintiffs and defendants, it is apparent that the restraint on alienation set forth in the option agreement is reasonable in light of the circumstances and the purposes sought to be accomplished. The parties made a valid option contract and sought to protect the rights of defendants, the option holders, by restraining the alienation of the optioned stock. The restraint was necessary to insure that the stock would be available if the option were to be exercised. There is nothing improper about such a contract. It does not offend public policy for an owner of shares of corporate stock to decide on a course which has the effect of removing them, for a specified period of time, from the marketplace. The purpose for which the stock herein is restrained is to preserve the rights which were granted to defendants. When the restraint imposed effectuates a lawful purpose, is reasonable, and is in accord with public policy, it is enforceable (see *Rafe v Hindin,* 29 AD2d 481; *Allen v Biltmore Tissue Corp.,* 2 NY2d 534; *Penthouse Props. v 1158 Fifth Ave.,* 256 App Div 685). Furthermore, this case is not one in which a restraint is imposed on the shareholders from outside or by a corporate by-law. Here, the restraint was part of a larger, bargained-for exchange between all of the individual parties herein. Martuscello, Acting P. J., Latham, Damiani and Titone, JJ., concur. [83 Misc 2d 146.]