OPINION OF THE COURT
Raymond C. Baratta, S.
In this construction proceeding the court is asked to determine whether the provision in the last will and testament of the decedent or the one in the certificate of incorporation of *473 E. I. Hatfield, Inc., controls the disposition of the decedent’s stock in said corporation.
The last will and testament, in article VI thereof, provides in part, the manner in which the testator desired that his shares of stock in the corporation should be distributed. More particularly a provision is contained in the aforesaid article directing the executor herein to offer to one Christian Lang "the option to purchase at least twenty-five (25%) per cent of said shares.”
This court, by decision, required the attorneys for petitioner to supply a certified copy of the decedent’s stock certificate. The court is in receipt of said document and printed thereon is the legend: "The shares of this corporation are transferable only to a holder of stock of the corporation, except to the executor or trustee of a deceased stockholder or to a legatee named and designated in the last will and testament of a deceased stockholder, duly admitted to probate, unless and until the holder of shares shall have complied with all provisions of the certificate of incorporation affecting the sale thereof.”
Section 8-204 of the Uniform Commercial Code states that, "[U]nless noted conspicuously on the security a restriction on transfer imposed by the issuer even though otherwise lawful is ineffective except against a person with actual knowledge of it.” The predecessor to this statute was the former section 176 of the Personal Property Law. It should be noted that the official comments to section 8-204 of the Uniform Commercial Code indicate that the modification in the wording of the statute was to remove an ambiguity existing under section 176 of the Personal Property Law and make clear that the restriction need not be set forth in full text upon the certificate. (See Allen v Biltmore Tissue Corp., 2 NY2d 534, and cases cited therein.)
It has been held that a provision according the corporation a right or first option to purchase the stock is valid and enforceable. (Allen v Biltmore Tissue Corp., supra, p 541 and cases cited therein.) Provided a restraint on alienation of stock effectuates a lawful purpose, is reasonable, and is in accord with public policy, it is enforceable. (Levey v Saphier, 54 AD2d 959.)
Further, the Allen case cites with approval the decision of Doss v Yingling (95 Ind App 494, 500), a proceeding which Judge Fuld calls a leading case on the subject, wherein it was *474 stated, "an option to purchase the same at an agreed price or the then-existing book value before offering the stock for sale to an outsider, is a valid and reasonable restriction and binding upon the stockholders.”
There is a similar restriction in the case at bar. Consequently this court holds that the restriction herein is valid and the notice as contained on the stock certificate sufficient to meet statutory requirements. As a result thereof the provisions contained in the certificate of incorporation take precedence and control over the provisions in the decedent’s will.
It should be noted that the restriction contained in the certificate of incorporation makes an exception and allows transfers to the executor or trustee of a deceased stockholder or to a legatee named and designated in the last will and testament of a deceased stockholder. In the instant situation the direction of the testator is to have his executor offer 25% of his shares for sale to the said Lang. If the shares had been bequested to this party, this result may have been different. Here the restriction, which this court has found reasonable and valid, requires that shares of a stockholder, before they are sold to anyone must be offered for sale proportionately to the other holders of shares of stock in the corporation.