■    CHARLES H. LEVEY et al., Appellants, v PETER SAPHIER et al., Respondents.—In an action to declare that a "purported" option and voting agreement is illegal and void, plaintiffs appeal from an order of the Supreme Court, Nassau County, entered June 7, 1979, which, *inter alia,* (1) granted defendant Saphier's motion for partial summary judgment on his fourth counterclaim, (2) severed that portion of the fourth counterclaim as to which summary judgment was granted, and (3) declared that upon the exercise of the option by defendant Saphier, plaintiffs Levey, Fishbane and Malech are to deliver 14,040 shares of stock to him. Order affirmed, with $50 costs and disbursements to defendant Saphier. Defendant Saphier, a former shareholder in the plaintiff corporation (Dynaport), after having irreconcilable differences with the individual plaintiffs (other shareholders), sold them his entire interest in Dynaport, subject to a 10-year repurchase option. During the 10-year period, Saphier had the right to repurchase, for $16,000, "all but not less than all" of the shares he had sold to the individual plaintiffs. The option agreement stated that the repurchase option granted Saphier "shall cover and extend to any and all securities received by the [individual plaintiffs] with respect to the Dynaport Shares whether by way of * * * recapitalization * * * or otherwise". During the option period, the capital structure of Dynaport was changed and a dispute arose as to the number of recapitalized shares Saphier would be entitled to under the repurchase option. On a prior challenge by plaintiffs, this court sustained the validity of the option agreement (see *Levey v Saphier,* 54 AD2d 959, mot for lv to app den 41 NY2d 805). Subsequently, defendant Saphier moved for severance of and summary judgment on his fourth counterclaim for a declaratory judgment that he is entitled to 14,040 shares of Dynaport stock upon exercise of the repurchase option, said determination to be without prejudice to his claims to receive a greater number of shares. Plaintiffs concede that Saphier is entitled to 14,040 shares upon exercise of the option, but contend, however, that this is the maximum

number of shares to which he is entitled. Special Term granted Saphier's motion, and we affirm. Partial summary judgment is authorized by CPLR 3212 (subd [e]). It may be granted as to part of a single cause of action as well as to separate causes of action, where the claim as to which it is granted is undisputed (see *Scher v Apt,* 48 AD2d 865). At bar, plaintiffs did not contest Saphier's entitlement under the option agreement to 14,040 shares; Special Term, therefore, properly granted Saphier's motion for summary judgment as to that portion of his fourth counterclaim, without prejudice to a judicial determination of the number of additional shares, if any, to which he may be entitled upon exercise of the option. It also follows then, that severance of that portion of Saphier's fourth counterclaim as to which partial summary judgment was granted was a proper exercise of judicial discretion under CPLR 3212 (subd [e], par 1). (See Siegel, New York Practice, § 285, p 341.) Damiani, J. P., Titone, Mangano and Martuscello, JJ., concur.