■ Angiolina Stellato et al., Appellants, v Andrew Petrillo, Respondent. — Order, Supreme Court, Bronx County (Silbowitz, J.), entered May 27, 1982 granting defendant's cross motion to compel the acceptance of the answer and denying plaintiffs' motion for a default judgment, reversed, on the law, cross motion denied, motion granted and matter remanded for an assessment of damages, with costs. On June 11, 1979, plaintiff Angiolina Stellato's vehicle and defendant Andrew Petrillo's vehicle were involved in a collision. On or about February 5, 1982, Angiolina and her husband, Livio, served their complaint in this action upon Petrillo. On or about April 28, 1982, plaintiffs' law firm belatedly received a copy of the answer. The answer was immediately rejected. Plaintiffs then moved for an order directing an inquest; defendant cross-moved to compel plaintiffs to accept the answer. Special Term granted the cross motion and denied the motion. In order to vacate a default, a defendant must show a reasonable excuse for the delay. Law office failure is not an acceptable excuse for the delay. Likewise, defendant must show that there is legal merit to the defense. In that regard, an affidavit of merits should be submitted by an individual with knowledge of the facts. (*Barasch v Micucci*, 49 NY2d 594, 599.) The cross motion was supported solely by an affirmation of

an attorney named Michael J. Cozza. He was associated with the firm of Wilson, Bave, Conboy & Bave, P. C., a trial counsel to Nugent, Connolly & Woods, the attorneys for defendant. Cozza states that his office received the file from the Nugent firm on or about May 4, 1982. He also notes that the Nugent firm served the answer on or about April 27, 1982. However, Cozza does not offer any excuse for the Nugent firm's failure to serve a timely answer under CPLR 3012 (subd [a]). At best, it may be assumed that there was some type of law office failure in the Nugent firm. With regard to the merits of the defense, Cozza states that defendant Petrillo is 60 years of age and a 100% disabled veteran. Cozza states, upon information and belief, that defendant's vehicle was stolen by his female tenant and/or her boyfriend. Counsel notes that the police accident report indicates that the driver of defendant's vehicle gave his birth date as November 17, 1947. It is thus argued that the driver of the vehicle was much younger than the defendant. The legal arguments presented in Cozza's affirmance do not demonstrate that there is a competent legal defense in this proceeding. Cozza does not explain why defendant has not submitted an affidavit of merits. In fact, he does not even set forth the source for his own hearsay statements. The defendant's papers also leave many other questions unanswered. For example, there is no indication as to whether defendant ever reported his vehicle stolen on the date of the occurrence. Likewise, the name of the tenant and her boyfriend are not mentioned. In the absence of any excuse for the default and any affidavit of merits, the motion should have been granted and the cross motion denied. Concur — Murphy, P. J., Kupferman, Sandler, Carro and Lynch, JJ.