■ MICHAEL COTTER, Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Appellants. — Order, Supreme Court, New York County (Harold Bell, J.), entered August 18, 1982, denying the motion by appellants Consolidated Edison and Dorrer to vacate the default judgment entered April 1, 1982, reversed, on the law, the facts and in the exercise of discretion, to grant the motion to vacate the default judgment on condition that Consolidated Edison pay to plaintiff's attorneys the sum of $2,500 within 20 days after service of a copy of the order to be entered on the appeal and defendants serve their answer within said period, without costs or disbursements. Upon failure to comply with the foregoing, the order is affirmed, with costs and disbursements to plaintiff. The excuse offered by appellants for their default in answering is somewhat dubious, particularly considering that there had been no service upon defendant Kinkel when appellants' answer was interposed. Nevertheless, there was a relatively short delay, no resultant prejudice and, in view of the existence of a possible meritorious defense, at least with respect to the second cause of action for wrongful discharge (see *Murphy v American Home Prods. Corp.,* 58 NY2d 293), we are not persuaded that the circumstances warrant the drastic remedy of entry of a default judgment. Accordingly, we excuse the default on the condition provided and upon the prompt service by appellants of their responsive pleading (CPLR 2005, 3012, subd [d]). In our view, the case should proceed to a disposition on the merits. Concur — Asch, J. P., Silverman, Bloom, Fein and Kassal, JJ.