■ HERBERT KAPLOW et al., Respondents, v ALBERT S. KATZ et al., Defendants, and EATON LABORATORIES, a Division of MORTON-NORWICH PRODUCTS, INC., Appellant.—In an action to recover for damages for personal injuries, etc., the defendant Eaton Laboratories, a Division of Morton-Norwich Products, Inc. (hereinafter Eaton), appeals from an order of the Supreme Court, Nassau County (Kutner, J.), dated October 7, 1985, which granted the plaintiffs' motion to vacate their default in opposing Eaton's motion for summary judgment and, upon reconsideration, denied Eaton's motion for summary judgment.

Order modified, on the law, by deleting from the decretal paragraph the words "is denied" and substituting therefor the following: "is granted to the extent that it is addressed to so much of the complaint as alleges Eaton's failure to warn of the dangers of peripheral neuropathy, and that portion of the complaint is dismissed as against it. In all other respects, the motion for summary judgment is denied". As so modified, order affirmed, without costs or disbursements.

The plaintiff Herbert Kaplow contracted hepatitis and peripheral neuropathy as a result of taking Macrodantin, an antibiotic prescribed by the defendant Katz and manufactured

by Eaton. In this action, the plaintiffs allege, *inter alia,* that Katz was negligent in prescribing Macrodantin and that Eaton was negligent in failing to provide complete and accurate warnings of its dangers.

Eaton's motion for summary judgment was granted, on default, when the court refused to consider the plaintiffs' opposition papers, which were untimely served despite three extensions of time at their request. The plaintiffs moved to vacate their default and for reconsideration of Eaton's motion, alleging that the untimely service was due to difficulty in obtaining the affirmation of a medical expert which it needed to oppose the motion. The affirmation of the expert, a physician, asserted that Eaton's warnings with respect to the danger of hepatitis, set forth in a package insert and the Physician's Desk Reference, understated the danger and mischaracterized it as a "dose-related toxicity reaction" when it is really an allergic reaction which cannot be avoided merely by limiting the dose prescribed. Special Term granted the plaintiffs' motion, vacated their default, and denied Eaton's motion for summary judgment.

In light of the minimal nature of the delay and the lack of any prejudice to Eaton, Special Term did not abuse its discretion in vacating the plaintiffs' default *(see, Cotter v Consolidated Edison Co.,* 99 AD2d 738; *see also, Heffney v Brookdale Hosp. Center,* 102 AD2d 842, *appeal dismissed* 63 NY2d 770). The affirmation of the plaintiffs' expert raises issues of fact with respect to the adequacy of Eaton's warnings of the dangers of hepatitis, and therefore summary judgment was properly denied with respect to that claim *(see, Supan v Michelfeld,* 97 AD2d 755). It does not address, however, the warnings concerning peripheral neuropathy. On their face, these warnings are sufficient *(see, Wolfgruber v Upjohn Co.,* 52 NY2d 768), and partial summary judgment is warranted to remove from the case this issue on which no question of fact exists *(see, Levey v Saphier,* 74 AD2d 918). Lazer, J. P., Bracken, Brown, Lawrence and Kooper, JJ., concur.