■ ANNE L. BRAISTED, Respondent, v J. S. BULLOCK et al., Defendants, and ROBERT L. DOUGLAS et al., Appellants.—In an action predicated upon medical malpractice to recover damages, *inter alia,* for the wrongful death of the plaintiff's decedent, the defendants Robert L. Douglas and Medical Diagnostic Groups, P. C., appeal from an order of the Supreme Court, Orange County (Hickman, J.), dated February 3, 1987, which, after a hearing, denied their motion to vacate their default and reinstate their answer.

Ordered that the order is reversed, in the exercise of discre-

tion, without costs or disbursements, and the motion is granted.

The court granted the plaintiff leave to enter a default judgment and struck the answers of the defendants Robert Douglas and Medical Diagnostic Groups, P. C., on the basis of their failure to appear for jury selection as directed by another Judge of coordinate jurisdiction. In his decision denying the motion to vacate the default, the Trial Judge indicated that the case was one of the oldest on the Orange County Calendar and that in order to vacate the default he would be required to review a determination of a Judge of coordinate jurisdiction. The record of the hearing on the motion to vacate reflects that the trial court's ruling, in large measure, was prompted by a concern for the timely resolution of the matter. While we appreciate the importance of the swift disposition of disputes, this goal may not be accomplished at the expense of fairness to the parties.

In light of the appellants' demonstration of the merits of their defense, the minimal nature of the delay, the lack of any prejudice to the plaintiff as a result of the delay, and the absence of any intent on the part of the appellants to abandon their defense of the action, the trial court abused its discretion in refusing to vacate the appellants' default *(see, Kaplow v Katz,* 120 AD2d 569; *Tugendhaft v Country Estates Assocs.,* 111 AD2d 846; *Heffney v Brookdale Hosp. Center,* 102 AD2d 842, *appeal dismissed* 63 NY2d 770). Moreover, the strong public policy favoring the resolution of cases on their merits mandates the vacatur of the default and the reinstatement of the appellants' answer in the interest of justice and fairness. Thompson, J. P., Bracken, Niehoff and Harwood, JJ., concur.