■ DONNA JOSWICK, an Infant, by Her Parent and Natural Guardian, ALBERT JOSWICK, et al., Respondents, v LENOX HILL HOSPITAL et al., Defendants, and CESARE E. CUCCI, Appellant. —Order, Supreme Court, New York County (Helen E. Freedman, J.), entered July 25, 1989, which denied defendant Cucci's motion for summary judgment, unanimously modified, on the law, the motion granted to the extent of dismissing all claims of malpractice, except that for delay in performance of the Mustard procedure, and dismissing as well the cause of action for loss of services, and otherwise affirmed, without costs.

The infant plaintiff was born on May 23, 1968, with a congenital heart abnormality involving a transposition of her aorta and pulmonary artery. This reversal caused blood to circulate without oxygen, and is a serious if not fatal malady. Defendant Cucci performed a Rashkind procedure on May 27, 1968, whereby a hole was pierced through the wall separating

the left and right upper chambers of the heart, allowing some oxygenated blood to spill through and circulate throughout the body. The Rashkind procedure was temporary remedy, only meant to allow the infant to mature prior to the performance of a so-called Mustard procedure.

Following the Rashkind procedure, Cucci decided that the Mustard procedure should be postponed until the infant plaintiff attained a body weight of 22 pounds, which was anticipated to be when she reached the age of two. On October 25, 1969, with the infant progressing well, she was admitted to Lenox Hill Hospital for a catheterization to determine the status of her cardiac condition. At that time, in addition to the congenital transposition, it was discovered that the infant had several conditions which, according to Dr. Cucci, made corrective surgery too dangerous to contemplate, namely, ventricular stenosis, small ductus arteriosus, decreased pulmonary blood flow, and partial obstruction of the inferior vena cava.

The infant's condition worsened, and on February 26, 1970, surgery was performed to enlarge the hole previously made in the Rashkind procedure. The infant was discharged on March 21, 1970, but soon readmitted, on April 1, with pneumonia and congestive heart failure. She improved and was discharged on April 13. Subsequently, on October 10, 1971, her condition rapidly deteriorated, as the life-saving conduit in her heart had closed. Faced with imminent death, the questionable utility of surgery on one so gravely ill, and the likelihood of irreversible neural damage in the unlikely event of survival, the parents chose surgery. The Mustard procedure was performed on October 18. The infant Donna survived, brain damaged.

This action for medical malpractice, along with the derivative cause of action for loss of services, was commenced in or about December 1982. Defendant Cucci moved for summary judgment pursuant to CPLR 3212, arguing that there had been no departure from the accepted standards of medical practice then prevailing. Argument was also made that the derivative cause of action, not being subject to the toll of infancy, was time barred, although the request for dismissal on this ground was not explicitly made in the notice of motion, but was raised in the memorandum of law and reply papers.

Plaintiffs submitted the affidavit of Arthur Davidson, a surgeon, made on the basis of his "years of experience in surgery and teaching in the field of medicine". The surgeon opined that the brain-damaged condition of the infant resulted

from delay "in performing definitive surgery at the usual age for such surgery. * * * A reversed heart surely cannot sustain the life and body of a growing youngster once she is out of the small toddler stage, and the failure to provide for and operate on this child was a significant departure from the standard of practice of the early 1970's." Dr. Davidson did not define either the "definitive surgery" which should have been performed or the meaning of the "small toddler stage".

In reply, defendant Cucci's attorney argued that Dr. Davidson's affidavit was conclusory and therefore insufficient, and that in any event Dr. Davidson had no expertise in the specialty of pediatric cardiology. Further, counsel represented that Dr. Davidson, on numerous occasions, had held himself out as an expert on diverse specialties of medicine. Counsel further argued that in any event, partial summary judgment should be granted as to all claims of malpractice except delay in performing the Mustard procedure, and that the derivative cause of action was time barred.

The motion was denied.

Before reaching defendant's arguments that the plaintiff's expert was unqualified, or that his affidavit was conclusory and insufficient, it is necessary to determine whether defendant Cucci made a prima facie showing of entitlement to judgment as a matter of law, which the proponent of a motion for summary judgment must make regardless of the sufficiency of the opposing papers (*Alverez v Prospect Hosp.*, 68 NY2d 320, 324; *Winegrad v New York Univ. Med. Center*, 64 NY2d 851, 853).

According to Dr. Cucci, the optimum time for the Mustard surgery was when the infant weighed 22 pounds. By his own admission, she attained a weight of 20 pounds in early 1969. Accepting that the surgery could not be performed between October 1969 and April 13, 1970 due to the ill health of the infant, nevertheless, from April 13, 1970 until October 1971, "She was doing as well as could be expected given her situation." No explanation for the decision not to perform surgery during this time is given. Absent such testimony, and absent expert opinion by defendant that any delay during this period was not malpractice, defendant has not established a prima facie defense as a matter of law.

In view of defendant Cucci's failure to establish an entitlement to judgment as to all claims of malpractice as a matter of law, it is unnecessary to address the issue as to whether plaintiff's expert was qualified to render an opinion in the

specialty of pediatric cardiology. We note, however, that a physician need not be a specialist in a particular field if he nevertheless possesses the requisite knowledge necessary to make a determination on the issues presented *(Fuller v Preis,* 35 NY2d 425, 431). As the expert professed the requisite knowledge, we believe the issue should be resolved at trial.

There are, however, no issues of fact as to any claim of malpractice except with regard to the delay in performing the Mustard procedure. Defendant has shown that all of the temporary surgeries were properly performed, nor is there any evidence that the course of treatment, aside from the delay as to the Mustard procedure, was improper. Accordingly, partial summary judgment should have been granted limiting the issues to delay in performance of the Mustard procedure *(Kaplow v Katz,* 120 AD2d 569).

Similarly, while the notice of motion did not explicitly seek dismissal of the derivative action as time barred, the motion did incorporate by reference the issues raised in the defendant's memorandum of law, and in view of the absence of any argument that the derivative claims are not in fact time barred *(see, Lewis v Wascomat, Inc.,* 125 AD2d 194), the derivative cause of action should have been dismissed. Concur —Kupferman, J. P., Sullivan, Ross, Ellerin and Wallach, JJ.