■ In the Matter of Bon Neuve Realty Corp., Respondent. 211 West 34th Street Corp., Appellant. [601 NYS2d 491] —Order of the Supreme Court, New York County (Edward Greenfield, J.), entered May 19, 1992 which, *inter alia,* held that petitioner has standing to seek dissolution of respondent 211 West 34th Street Corp., and which referred the matter to a Special Referee to hear and determine the issues involved in the petition for dissolution pursuant to Business Corporation Law § 1104-a, unanimously modified, on the law, to the extent of directing reference also into the question of petitioner's ownership of shares in respondent corporation and, except as so modified, affirmed, without costs.

Petitioner asserts standing to institute an involuntary dissolution proceeding against respondent as the holder of 25 percent of all of the outstanding shares of the corporation. Business Corporation Law § 1104-a was enacted for the specific purpose of enabling minority shareholders of closely held corporations to obtain relief where, as here, they find themselves in a situation of being denied participation in or being frozen out of corporate management. The statute allows the holders of at least 20 percent of the outstanding shares of a corporation whose stock is not traded on a securities market to bring a proceeding to dissolve the corporation and to distribute its assets among the shareholders *(Matter of Kemp & Beatley [Gardstein],* 64 NY2d 63, 70; *Matter of Blake v Blake Agency,* 107 AD2d 139, 144, *lv denied* 65 NY2d 609).

Appellant corporation attempts to construe the certificate of incorporation as imposing a restriction upon the transfer of stock. It is contended that the consent of all of the shareholders was required for transfer of the outstanding shares by which petitioner claims its interest in the corporation. However, absent conspicuous notice of such a restriction upon the stock certificates, such a requirement constitutes a restriction upon the alienation of the shares of the corporation which is unreasonable and unenforceable as a matter of law (UCC 8-204 [a]; *Rafe v Hindin,* 29 AD2d 481, 484-485, *affd* 23 NY2d 759).

Supreme Court did not abuse its discretion in referring the issues involved in the dissolution petition for hearing before a Special Referee, as specifically authorized by Business Corporation Law §§ 1108 and 1109 *(see, Matter of MacDougall*

*[Manhattan Ad Hoc Housewares]*, 150 AD2d 160). We note only that the record on appeal is devoid of a stock certificate with the proper indorsement upon which standing to maintain this proceeding is predicated and, therefore, we direct reference with respect to this question also.

We have reviewed appellant's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Kupferman, Asch and Rubin, JJ.