■ DAVID MOORE, Respondent, v CHASE MANHATTAN BANK, N. A., et al., Appellants. CHASE MANHATTAN BANK, N. A., Third-Party Plaintiff-Appellant, v DAVID MOORE et al., Third-Party Defendants-Respondents. [629 NYS2d 41] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered October 5, 1994, which, *inter alia*, granted plaintiff's motion, and removed and consolidated the summary proceeding entitled *Chase Manhattan Bank v Moore* (Civ Ct index No. L&T 63958/94), with the action in Supreme Court, unanimously affirmed, with costs.

The tenant's claims for damages as a result of the landlord's breach of the lease in excess of the unpaid rent claimed as the basis for the landlord's election to terminate the lease, may provide an equitable defense to the holdover proceeding (*see, Linden Blvd. v Elota Realty Co.*, 196 AD2d 808, 811, *lv denied* 82 NY2d 658). There are also common issues of fact as to landlord's alleged unconscionable conduct, which may bar landlord's utilization of termination of lease provisions enabling it to convert a nonpayment case to a holdover proceeding (*see, Grand Liberte Coop. v Bilhaud*, 126 Misc 2d 961). Thus, the Civil Court action was properly removed and consolidated with the Supreme Court action in light of the common issues of law and fact (*see, Phoenix Garden Rest. v Chu*, 202 AD2d 180; *DeCastro v Bhokari*, 201 AD2d 382; *Amtorg Trading Corp. v Broadway & 56th St. Assocs.*, 191 AD2d 212). Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Tom, JJ.

■ JUDITH BERNARD, Plaintiff, v CITY OF NEW YORK et al., Defendants. EMPIRE CITY SUBWAY COMPANY (LIMITED), Third-Party Plaintiff-Respondent, v TRI-MESSINE CONSTRUCTION COMPANY, INC., Third-Party Defendant-Appellant. [629 NYS2d 40] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered January 30, 1995, which granted third-party plaintiff's motion for default judgment against third-party defendant, and denied third-party defendant's cross motion for an extension of time to answer, unanimously affirmed, without costs.

Third-party defendant was properly held in default for failure to demonstrate both that its defense had merit by the affidavit of someone with knowledge of the facts and a reasonable excuse for the delay (*Stellato v Petrillo*, 95 AD2d 704). Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Tom, JJ.