■ HUNG K. LAM, Also Known as SANDY H. K. LAM, Appellant, v CHI KEI LI, Also Known as DANNY LI, et al., Respondents. [635 NYS2d 26] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about October 19, 1994, which, *inter alia*, denied plaintiff's motions for a preliminary injunction and for summary judgment, and granted defendants' cross-motion for summary judgment dismissing the complaint, and order, same court and Justice, entered January 9, 1995, which, insofar as appealable, denied plaintiff's motion for renewal, unanimously affirmed, with costs.

Summary judgment in favor of defendants dismissing the complaint was warranted, although not for the reasons stated by the IAS Court. The agreement containing the option is unenforceable because it is an unreasonable restraint on alienation. The option permits plaintiff to purchase fifty percent of the shares of one of the defendant corporations for a total purchase price of $10, has no time limit and is binding on both parties, "their respective heirs, administrators, successors and assigns". "In New York certificates of stock are regarded as personal property and are subject to the rule that there be no unreasonable restraint on alienation." (*Rafe v Hindin*, 29 AD2d 481, 484, *affd* 23 NY2d 759, citing *Allen v Biltmore Tissue Corp.*, 2 NY2d 534, 540.) " '[T]he general rule that ownership of property cannot exist in one person and the right of alienation in another * * * has in this State been frequently applied to shares of corporate stock * * * and cognizance has been taken of the principle that "the right of transfer is a right of property, and if another has the arbitrary power to forbid a transfer of property by the owner that amounts to annihilation of property." ' " (*Supra*, at 484.) On the other hand, restrictions such

as a preemptive right of first refusal are not repugnant to the principle (*Allen v Biltmore Tissue Corp., supra*, at 541; *Matter of Gusman*, 178 AD2d 597, *lv denied* 80 NY2d 753). Thus, "what the law condemns is, not a *restriction* on transfer, a provision merely postponing sale during the option period, but an effective *prohibition* against transferability itself." (*Allen v Biltmore Tissue Corp., supra*, at 542.)

Here, the restraint on alienation in the option agreement is unreasonable. The option does not have a specified time limit and the onerous terms of the option—the $10 purchase price and the percentage of shares involved—effectively prevent defendant from transferring the stock to anyone but plaintiff (*cf., Levey v Saphier*, 54 AD2d 959, *lv denied* 41 NY2d 805; *Buffalo Seminary v McCarthy*, 86 AD2d 435, *affd* 58 NY2d 867). In light of the unenforceability of the option agreement, the complaint was properly dismissed, rendering plaintiff's remaining contentions on the appeals academic. Concur—Ellerin, J. P., Ross, Nardelli, Williams and Mazzarelli, JJ.