■ OFORI AMANFO, Appellant, v EDUARDO OLIVO et al., Respondents. [638 NYS2d 299] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered June 20, 1995, which denied

plaintiff's motion for a default judgment, and granted defendants' cross motion to compel plaintiff to accept their answer, affirmed, without costs.

Defendants' attorney established a meritorious defense, namely, the possible absence of a serious injury under Insurance Law § 5102 that, given a short delay that caused no prejudice, was sufficiently compelling. Concur—Murphy, P. J., Rosenberger, Rubin and Mazzarelli, JJ.

Tom, J., dissents in a memorandum as follows: I respectfully dissent and vote to reverse the IAS Court and grant plaintiff's motion for a default judgment, inquest and assessment of damages.

Contrary to the holding of the majority, I do not find that the period of default in this matter constitutes a "short delay". Further, the law is well-settled that a court may extend a party's time to appear "upon such terms as may be just and upon a showing of reasonable excuse for delay or default" (CPLR 3012 [d]; *Bernard v City of New York*, 217 AD2d 419).

In the matter at bar, no excuse is proffered whatsoever, not even a "dubious" one (*see generally, Cotter v Consolidated Edison Co.*, 99 AD2d 738). In fact, it seems entirely reasonable to conclude that had plaintiff not served the underlying default motion on defendant's carrier, defendant would still have taken no action on the summons and complaint, apparently preferring to simply ignore it. It is, in my view, to prevent exactly this type of abuse that a "reasonable excuse" is required, both by statute and case law.