■ JAMES E. RUSSELL, Appellant, v BAKER ROAD DEVELOP-MENT, INC., Formerly Known as BAKER ROAD DEVELOPMENT Co., INC., Respondent and Third-Party Plaintiff. TOWN ENTERPRISES, INC., Third-Party Defendant-Respondent. [723 NYS2d 577] —Judgment and order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action to recover damages for injuries that he sustained while involved in the construction of a condominium project owned by defendant. He was injured inside one of the buildings when he fell through an unprotected opening adjacent to the stairwell on the second floor. Supreme Court properly granted that part of defendant's motion seeking summary judgment dismissing the first and second causes of action, alleging common-law negligence and a violation of Labor Law § 200. "Where the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under Labor Law § 200" (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877).

The court also properly denied that part of plaintiff's motion seeking partial summary judgment on liability on the fourth cause of action, alleging a violation of Labor Law § 241 (6). Contrary to plaintiff's contention, the violation of a specific provision of the Industrial Code, even if admitted by defendant, "does not establish negligence as a matter of law but is 'merely some evidence to be considered on the question of a defendant's negligence' " (*Schmeer v County of Monroe*, 175 AD2d 633, 633-634, quoting *Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 522, *rearg denied* 65 NY2d 1054).

The court erred, however, in granting that part of defendant's motion seeking summary judgment dismissing the third cause of action, alleging a violation of Labor Law § 240 (1), and denying that part of plaintiff's motion seeking partial summary judgment on liability on that cause of action. Because plaintiff fell through an opening in the floor, he is entitled to judgment on liability under Labor Law § 240 (1) (*see, Griffin v MWF Dev. Corp.*, 273 AD2d 907, 908; *O'Connor v Lincoln Metrocenter Partners*, 266 AD2d 60; *Negroni v East 67th St. Owners*, 249 AD2d 79; *Serpe v Eyris Prods.*, 243 AD2d 375, 377). We therefore modify the judgment and order by denying that part of defendant's motion seeking summary judgment dismissing the third cause of action, reinstating that cause of action and granting that part of plaintiff's motion seeking partial summary judgment on liability on that cause of action. (Appeal

from Judgment and Order of Supreme Court, Erie County, Howe, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Scudder and Kehoe, JJ.