■ JEREMY D. WHITE, Appellant, v GENERAL MOTORS CORPORATION et al., Respondents. [831 NYS2d 812]—

Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered November 23, 2005. The order, insofar as appealed from, denied plaintiff's motion for partial summary judgment on liability under Labor Law § 240 (1) and granted those parts of defendants' cross motions for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) claims.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying those parts of the cross motions with respect to the Labor Law § 240 (1) claim and the Labor Law § 241 (6) claim insofar as it is based on the alleged violation of 12 NYCRR 23-1.7 (b) (1) and reinstating the Labor Law § 240 (1) claim and the Labor Law § 241 (6) claim to that extent and by granting the motion and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law action seeking to recover damages for injuries he sustained when he fell through an opening for a permanently affixed ladder, referred to as a "ship's ladder," on premises owned by defendant General Motors Corporation. Supreme Court erred in denying plaintiff's motion for partial summary judgment on liability under Labor Law § 240 (1) and in granting those parts of defendants' cross motions for summary judgment dismissing that claim, and we therefore modify the order accordingly. We agree with plaintiff that he was engaged in a protected activity within the meaning of Labor Law § 240 (1). At the time of the accident, plaintiff was in a building located in the complex where the construction site was located, having been directed there by the project site manager to remove a gas regulator for use at the construction site. His work was therefore not part of a "separate phase easily distinguishable from other parts of the larger construction project" (*Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 881 [2003]). Further, because plaintiff fell from an elevated work site through the opening for the permanently affixed "ship's ladder," he is entitled to partial summary judgment on liability under Labor Law § 240 (1) (*see Holka v Mt. Mercy Academy*, 221 AD2d 949 [1995], *lv dismissed* 87 NY2d 1055 [1996]; *Szopinski v MJ Mech. Servs.*, 217 AD2d 906, 906-907 [1995], *appeals dismissed* 87 NY2d 861 [1995]; *see also Russell v Baker Rd. Dev.*, 278 AD2d 790 [2000], *lv dismissed* 96 NY2d 824 [2001]; *Skow v Jones, Lang & Wooton Corp.*, 240 AD2d 194 [1997], *lv denied* 94 NY2d 758 [1999]).

The court also erred in granting those parts of defendants' cross motions for summary judgment dismissing the Labor Law § 241 (6) claim insofar as it is based on the alleged violation of 12 NYCRR 23-1.7 (b) (1), and we therefore further modify the order accordingly. We conclude that there are triable issues of fact concerning the adequacy of the protection afforded to plaintiff with respect to the unprotected opening for the "ship's ladder" and "whether the negligence of some party to, or participant in, the construction project caused plaintiff's injury" (*Paolangeli v Cornell Univ.*, 296 AD2d 691, 693 [2002] [internal quotation marks omitted]; *see generally Long v Forest-Fehlhaber*, 55 NY2d 154, 160 [1982], *rearg denied* 56 NY2d 805 [1982]; *Russell*, 278 AD2d 790 [2000]). Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Peradotto, JJ.