SUMMARY ORDER

Plaintiff-appellant Felix Vardanyan appeals from the November 30, 2007, 2007 WL 4276670, order of the district court granting the defendants-appellees summary judgment.[1] We assume the parties’ familiarity with the underlying facts and the procedural history of this case, as well as with the issues raised on appeal.
We conclude that the arguments raised by Vardanyan on appeal are without merit. 'First, the district court correctly held that the shareholder agreement, which prohibited Victor Abramov from transferring his shares without the written consent of Close-Up International, Inc. (“Close-Up”)’s other shareholders, was enforceable under New York law. Although Vardanyan argues that the shareholder agreement is unenforceable as an unreasonable restraint on alienation, we conclude that the restraint is enforceable be *317 cause it “effectuates a lawful purpose, is reasonable, and is in accord with public policy.” Levey v. Saphier, 54 A.D.2d 959, 960, 388 N.Y.S.2d 644, 645 (2d Dep’t 1976).
As the district court observed, the defendants-appellees had a valid interest in restricting the ability of Abramov to transfer his shares because Close-Up is a close corporation and there is undisputed evidence that the reputation of Close-Up’s shareholders is critical to its future business. Moreover, the specific restrictions in the shareholder agreement — which give the defendants-appellees priority to buy Abramov’s shares, require their consent before Abramov may sell his shares to a third party, and state that in the event the defendants-appellees are unable to buy Abramov’s shares, they “shall undertake all necessary steps to find a buyer satisfactory for the corporation as a co-owner or an investor” — are also lawful. These restrictions are not “an effective prohibition against transferability,” making “the sale of the stock impossible to anyone except to the corporation at whatever price it washed to pay.” Allen v. Biltmore Tissue Coup., 2 N.Y.2d 534, 542, 161 N.Y.S.2d 418, 423, 141 N.E.2d 812, 816 (1957). Rather, when read in context, it is clear that the agreement’s statement that Abramov “is ready to sell his shares in the amount of $200,000” sets $200,000 as the price for the defendants-appellees, or a buyer identified by the defendants-appellees, to pay for Abramov’s shares. This price was agreed to by Abramov and reflects a valid restriction “[s]ince the parties have in effect agreed on a price formula which suited them.” Allen, 2 N.Y.2d at 543, 161 N.Y.S.2d at 424, 141 N.E.2d at 817.
Further, although Vardanyan argues that the defendants-appellees could unreasonably delay in finding a third-party buyer if they are unable to purchase his shares, “[w]hen a contract does not specify time of performance, the law implies a reasonable time.” Savasta v. 470 Newport Assocs., 82 N.Y.2d 763, 765, 603 N.Y.S.2d 821, 822, 623 N.E.2d 1171, 1172 (1993) (discussing terms of partnership agreement). Thus, the shareholder agreement’s provision that the defendants-appellees “shall undertake all necessary steps to find a buyer satisfactory for the corporation as a co-owner or an investor” protects Abra-mov if the defendant-appellees unreasonably delay in performing their obligations. Likewise, although the shareholder agreement has no provision prohibiting the defendants-appellees from arbitrarily withholding their consent to Abramov’s sale of his shares to a particular third party, see Rafe v. Hindin, 29 A.D.2d 481, 484-85, 288 N.Y.S.2d 662, 664-66 (2d Dep’t 1968), the agreement’s requirement that the defendants-appellees timely find a satisfactory buyer renders the agreement merely a “limit[ation on] the group to whom the shares may be transferred,” rather than an “annihilation of property,” In re Gusman, 178 A.D.2d 597, 598-99, 577 N.Y.S.2d 664, 666 (2d Dep’t 1991).
We also agree with the district court that Vardanyan has failed to establish that there is a dispute of fact regarding whether Abramov actually signed the shareholder agreement and whether the document submitted by the defendantsappellees is a fabrication. The defendantsappellees submitted affirmations by Mikhail Sheydin and Natalia Ganem stating that they reached an oral agreement with Abramov that he would not sell his shares without the other shareholders’ consent, and that they reduced this agreement to writing, signed it, and faxed it to Abramov, who then returned it with his signature. The defendants-appellees also submitted a copy of the document purportedly signed by Abramov. At Abramov’s sworn deposition, he admitted that he made the verbal *318 agreement with Sheydin and Ganem. He also stated that he could not remember signing the shareholder agreement but that it was “possible in theory.” We agree with the district court that Abramov’s statement that he does not remember whether he signed the document “does not conflict with the testimony and evidence that defendants have submitted about the terms of that agreement,” and that Var-danyan submitted no admissible evidence supporting his claim that the agreement was fabricated. Although Vardanyan submitted a declaration from his attorney stating that Abramov previously denied that a written agreement existed, we conclude, for the reasons stated in the district court’s denial of Vardanyan’s motion for reconsideration, that this statement is inadmissible hearsay and cannot create a triable issue of fact as to the authenticity of the shareholder agreement. See H. Sand & Co. v. Airtemp Corp., 934 F.2d 450, 454-55 (2d Cir.1991) (“[Hearsay testimony ... that would not be admissible if testified to at the trial may not properly be set forth in [the Rule 56(e) ] affidavit.” (internal quotation marks omitted)). Likewise, Abramov’s failure to follow the terms of the shareholder agreement cannot itself create a dispute of fact as to the agreement’s authenticity. Thus, we conclude that the arguments raised by Vardanyan on appeal are without merit.
For the reasons discussed, the order of the district court is AFFIRMED.

. Although it appears from the docket sheet that the Clerk of the Court never formally entered a separate judgment closing this case, we have jurisdiction to hear this appeal because it is plain that the district court dismissed the entire action and ordered the Clerk to close the case. See Bouboulis v. Transp. Workers Union of Am., 442 F.3d 55, 59-60 (2d Cir.2006).