■ PYRAMID BROKERAGE COMPANY, INC., Plaintiff, v ZURICH AMERICAN INSURANCE COMPANY et al., Defendants. (Action No. 1.) PYRAMID BROKERAGE COMPANY, INC., Appellant-Respondent, v COMFORT SYSTEMS USA, INC., et al., Respondents-Appellants. (Action No. 2.) [897 NYS2d 327]—

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Brian F. DeJoseph, J.), entered February 18, 2009. The order, among other things, granted in part defendants' cross motion for summary judgment in action No. 2.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying that part of the cross motion seeking summary judgment dismissing the fourth cause of action in action No. 2 and reinstating that cause of action and as modified the order is affirmed without costs.

Memorandum: Pyramid Brokerage Company, Inc., the plaintiff in both actions, commenced action No. 1 seeking a declaration that defendant Zurich American Insurance Company (Zurich) was obligated to defend and indemnify it in the underlying Labor Law action (*White v General Motors Corp.*, 38 AD3d 1193 [2007]), which was commenced by an employee of Woodcock & Armani Mechanical Contractors, formerly known as Armani Mechanical and Woodcock & Associates, Inc. (Woodcock), a defendant in action No. 2. Plaintiff thereafter commenced action No. 2 against defendant Comfort Systems USA, Inc. (Comfort) and its related business entities, including Woodcock (collectively, defendants), asserting causes of action for, inter alia,

breach of contract, negligent misrepresentation and intentional misrepresentation. While action No. 2 was pending, Supreme Court declared in action No. 1 that plaintiff was not an insured under the Zurich policy and that Zurich had no duty to defend or indemnify plaintiff in the underlying action. This appeal by plaintiff and cross appeal by defendants concerns only action No. 2.

We conclude that the court properly denied those parts of plaintiff's motion and defendants' cross motion seeking summary judgment on the breach of contract cause of action inasmuch as there is an issue of fact whether defendants orally agreed to name plaintiff as an additional insured under its general liability policy. The record contains an affidavit and the deposition testimony of plaintiff's site project manager. He asserts therein that defendants' representatives informed him that Comfort and its related business entities operated as one company, with a single general liability insurance policy, and that they orally agreed to name plaintiff as an additional insured with respect to all work performed by the related entities, including Woodcock. The record also contains, however, deposition testimony of defendants' employees denying knowledge of the existence of an oral agreement as well as documentation from the project that does not reflect any requests or agreements to procure insurance naming plaintiff as an additional insured with respect to the work performed by Woodcock. We thus conclude on the record before us that there is an issue of fact with respect to the existence of an oral agreement, rendering summary judgment on the breach of contract cause of action inappropriate (*see Repka v Arctic Cat, Inc.*, 20 AD3d 916, 918-919 [2005]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

We agree with plaintiff, however, that the court erred in granting that part of the cross motion seeking summary judgment dismissing the intentional misrepresentation cause of action, and we therefore modify the order accordingly. Contrary to defendants' contention, that cause of action sounds in fraud (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]) and, accordingly, is governed by the six-year statute of limitations set forth in CPLR 213 (8) (*see Old Republic Ins. Co. v Hansa World Cargo Serv., Inc.*, 51 F Supp 2d 457, 470 [1999]; *see also Fandy Corp. v Lung-Fong Chen*, 262 AD2d 352 [1999]). Here, plaintiff learned of defendants' alleged misrepresentation no earlier than January 2003, when Zurich disclaimed coverage on the ground that plaintiff was not named as an additional insured under the policy. Thus, action No. 2, which was com-

menced in September 2005, is not barred by the statute of limitations. We further note that plaintiff does not contend in its brief that the court erred in granting that part of defendants' cross motion seeking summary judgment dismissing the cause of action for negligent misrepresentation, and we therefore deem abandoned any issues with respect thereto (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

Finally, we reject defendants' contention that the court exceeded the scope of plaintiff's motion by concluding as a matter of law that, if an oral agreement existed, defendants breached that agreement and that plaintiff was damaged thereby. Plaintiff moved for summary judgment on the second through fourth causes of action, and sought "all damages" resulting from defendants' failure to name it as an additional insured under the general liability policy. Plaintiff also submitted the affidavit of its president setting forth the damages incurred by plaintiff. Neither in opposition to the motion nor in support of their cross motion did defendants address the alleged breach of contract in the event that an oral agreement was made, and they also did not address the specified damages. We thus conclude that the court properly determined that there were no remaining issues of fact in the event that there was an oral agreement (*see* CPLR 3212 [e]; *see also Levey v Saphier*, 74 AD2d 918, 919 [1980]). Present—Smith, J.P., Peradotto, Pine and Gorski, JJ.