J.V. v Robles (2020 NY Slip Op 07278)





J.V. v Robles


2020 NY Slip Op 07278


Decided on December 03, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 03, 2020

Before: Manzanet-Daniels, J.P., Mazzarelli, Singh, Scarpulla, JJ. 


Index No. 22131/12E Appeal No. 12533 Case No. 2019-3706 

[*1]J.V., an Infant by His Mother Chelsea M.,et al., Plaintiffs-Appellants,
v
Pedro Robles et al., Defendants-Respondents.


Hasapidis Law Offices, South Salem (Annette G. Hasapidis of counsel), for appellants.
Vouté, Lohrfink McAndrew Meisner & Roberts, LLP, White Plains (John R. Braunstein of counsel), for respondents.



Order, Supreme Court, Bronx County (Robert T. Johnson, J.), entered April 18, 2019, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
In this personal injury action stemming from infant plaintiff J.V.'s alleged carbon monoxide poisoning, defendants made out their prima facie burden showing that defendants did not create or have notice of an alleged dangerous carbon dioxide condition in plaintiffs' apartment. Defendants submitted evidence that the carbon monoxide detector in plaintiffs' [*2]apartment was installed and operable that no one else residing in the apartment was tested for carbon monoxide poisoning at the time of the infant plaintiff's hospitalization, and their expert opined as to a lack of causality. Defendants' expert pediatric critical care physician was qualified to opine that there was no causal relationship between the infant plaintiff's alleged carbon monoxide poisoning and plaintiff mother's heating the apartment, in the alleged absence of adequate heat provided by defendants, by turning on the burners on the stove, boiling water, and running the oven with the door open (see generally Price v New York City Hous. Auth., 92 NY2d 553, 559 [1998]; Romano v Stanley, 90 NY2d 444, 452 [1997]; Limmer v Rosenfeld, 92 AD3d 609 [1st Dept 2012]; Mustello v Berg, 44 AD3d 1018, 1019 [2d Dept 2007], lv denied 10 NY3d 711 [2008]; Joswick v Lenox Hill Hosp., 161 AD2d 352, 355 [1st Dept 1990]).
Plaintiffs failed to raise an issue of fact in opposition, because their expert did not casually relate the infant plaintiff's injury to the manner in which plaintiff mother heated the apartment (see Foley v Chateau Rive Equities, LLC, 172 AD3d 599 [1st Dept 2019]; Sternberg v Rugova, 162 AD3d 456, 457 [1st Dept 2018]).
We have considered plaintiffs' remaining contentions to the extent they are not improperly raised for the first time on appeal and found them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2020